RAY *v.* McCURDY, trustee.

No. 7972. DECEMBER 10, 1930.

*Grant & Long,* for plaintiff in error.

*Augustine Sams, C. H. Feagan,* and *Carl B. Copeland,* contra.

GILBERT, J. McCurdy, trustee in bankruptcy of C. C. VanPelt, brought against VanPelt and C. B. Ray an equitable petition praying that a deed made by VanPelt to Ray, conveying described real estate (a farm located in Gwinnett County), which deed the petition alleges was voluntary and without consideration, made fraudulently and solely for the purpose of .hindering, delaying, and defrauding creditors of VanPelt, be declared null and void; that the status of the title be preserved by injunction to prevent incumbrance or conveyance of the property; for a decree vesting in petitioner such title as would, but for said conveyance, have been held by VanPelt; for appointment of a receiver to manage the property and collect the proceeds; and for general relief. The petition alleges that on January 21, 1929, VanPelt owned the land referred to, and on that day he made the deed conveying the land to Ray, his stepson; that within less than four months, on March 25, 1929, VanPelt filed a voluntary petition in bankruptcy, and in that proceeding petitioner was elected trustee; that the deed recites a consideration of $1500, but there was in fact no consideration therefor; that at the time of the conveyance VanPelt was indebted to a creditor named, in an amount named, and was also indebted to numerous other creditors in large amounts which were past due and unpaid at the time of the filing of the present petition; that the effect of said conveyance was to render VanPelt insolvent; that Ray knew, or should by the exercise of ordinary diligence have known, of the fraudulent purpose of VanPelt in making the deed; that unless petitioner can recover said property for the benefit of creditors, he will not have assets from which such creditors can realize any benefit, and they will suffer irreparable loss.

Both defendants denied the allegations of fraud in the making of the deed, that it was without consideration, and that it left VanPelt insolvent. VanPelt set up that at the time of the deed "the record title to said property may have been in his name, but that he did not own or have title to said property," and that it was not then and "never has been a part of his assets, and that the creditors of this defendant have no interest in said property."

Trial of the case resulted in a verdict and decree cancelling the deed and vesting the title in McCurdy, trustee. Ray filed a motion for new trial which, after amendment, was overruled, and he excepted.

The evidence may be summarized as follows: For the plaintiff: A deed conveying the land to VanPelt; the deed made by him to Ray; schedules in bankruptcy, showing the assets and liabilities listed by VanPelt; testimony of plaintiff, that the amount realized from sale of the assets was not sufficient to discharge the claims of creditors holding liens; that at the first meeting of creditors Van-Pelt testified that at the time of the conveyance to Ray he owed most of the debts scheduled in bankruptcy; that Ray did not pay him anything for the conveyance; that he had bought the land for his wife, and made the conveyance to Ray at her request; testimony on behalf of some of the creditors, to the effect that at the time credit was extended VanPelt "represented that he owned the farm," "that he had bought the farm," and that credit had been given upon the faith of these representations and statements.

For the defendants: That VanPelt and his wife jointly owned a house and lot; that the house on this lot was destroyed by fire; that the proceeds of certain insurance were deposited in a savings account in the name of Mrs. VanPelt; that the farm now involved was paid for with funds taken from this savings account on checks drawn by Mrs. VanPelt; that previously to the collection of the insurance moneys Mrs. Van Pelt had expended for the account of Van Pelt, and on account of premiums on the insurance policies, and interest on the loans upon the piece of property on which the insurance money was collected, a sum about equal to any interest which VanPelt might have had in the proceeds of the insurance money which was deposited in bank in her name; that the farm was bought by Mrs. VanPelt to be used by them as a home; that Mrs. VanPelt at the time was sick and in a hospital, and VanPelt, who acted for her in closing the transaction, took the title to the farm in his name; that from that time, June 16, 1928, until the conveyance by VanPelt to Ray on January 21, 1929, she insisted that the title be conveyed to her; that Ray, Mrs. VanPelt's son, had contributed to the support of his mother and VanPelt, and that the conveyance from VanPelt to Ray was made at the request of Mrs. VanPelt and in order to put the title "where it belonged." On

cross-examination VanPelt admitted that no consideration passed from Ray to himself at the execution of the deed.

1. Movant complains of the following instruction of the court: "If you believe from the evidence in this case that the deed sought to be canceled by the plaintiff was made by the defendant Van-Pelt to delay or defraud his creditors, it having been admitted he was a debtor of the plaintiff, and such purpose and intent was known to the grantee, Mr. Ray, then I charge you that said deed would be void in law, and you would be authorized to find that the same should be canceled." This charge was not erroneous on the ground, as contended, that there was no evidence tending to show that Ray knew of the fraudulent intent on the part of VanPelt. The instruction merely submitted that as an issue to the jury. *Krueger* v. *MacDougald,* 148 *Ga.* 429 (96 S. E. 867) ; *Orr Shoe Co.* v. *Lee,* 159 *Ga.* 523 (126 S. E. 292) ; *Roland* v. *Wilkinson-Bollon Co.,* 165 *Ga.* 194 (140 S. E. 368).

2. One ground of the motion for a new trial complains that the court instructed the jury as follows: "I charge you . . that all conveyances, transfers, assignments, or incumbrances of [the word "his" omitted] property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of the acts of Congress relating to bankruptcy, and within four months prior to the filing of the petition, and with intent and purpose on his part to hinder or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration, and all property of the debtor conveyed, transferred, or assigned or incumbered as aforesaid, shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the laws of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors." The criticism is that the word "his" was omitted by the court, as indicated, from the Federal statute (section 67-e of the bankruptcy act) which the court undertook to give in charge; that the charge was not adjusted to the evidence, because there was evidence that the property was bought with money of Mrs. VanPelt and the conveyance was made for the purpose of placing the legal title where it rightfully

belonged, and the effect of said charge was to instruct the jury that the conveyance would be void even though the property rightfully belonged to Mrs. VanPelt and the bankrupt merely held the legal title for her benefit. The omission of the word "his," as indicated in the ground of the motion, would not in all cases require the grant of a new trial. Where, however, the issue of fact as to the alleged fraud is very close under the, evidence, a slight variance from a technically correct charge becomes important and harmful. In this case, if the evidence of the defendants is to be believed, Van-Pelt, in the deed of January 21, 1929, did not convey *his* property, but did convey property in which his wife owned a complete equity, and to which he held merely the naked legal title as trustee. This case differs from most of the cases cited by plaintiff in error, as to the length of time that elapsed after the deed to the wife's property was taken in the name of the husband before there was any action taken or demand made on the part of the wife to have the property conveyed to her. In a number of the cases the wife delayed until the creditor had obtained a judgment against the husband. In other cases the wife had allowed the title to remain in the husband for a long time. In this case the wife was sick and in the hospital when the husband, with her money, concluded the trade for the farm, and took the deed in his own name, June 16, 1928. The evidence is undisputed that as soon as she was aware of it, and it appears that this was almost immediately after the deed was executed, she insisted to her husband that he convey the property to her. It is also undisputed that she and certain of her relatives, all of whom knew of the facts as to the payment, continued to insist that the husband make this deed to the wife. The husband did not at any time refuse to do so, but merely postponed until January 21, 1929. The husband, therefore, held the title for a period of practically seven months, when he made the deed to his wife's son at her direction. The husband swore that at that time he had not given up the hope of so financing his affairs as to avoid failure. That, however, was a statement which the jury might or might not believe. Moreover, if there is any evidence whatever that Ray, the grantee, knew, when the deed was executed, that the purpose in making it was to defraud creditors, that evidence is to be derived solely from the circumstance that Ray was living with and as a part of the household of VanPelt and his wife.

Such intention or such fraud to defeat creditors may be inferred by the jury from the circumstances. *Lane* v. *Newton,* 140 *Ga.* 415 (2-c) (78 S. E. 1082) ; *Krueger* v. *MacDougald,* supra. It does not appear from the evidence that the wife or Ray, her son, had done anything to mislead the creditors in extending to the husband credit upon his ostensible ownership of the land. *Orr Shoe Co.* v. *Lee,* supra, and cit. The extension of credit seems to have been without any fault on the part of the wife. It is insisted by the defendant in error that the husband executed a voluntary deed to his stepson, Ray. That contention is to ignore the evidence that the husband did not pay for the farm and did not own it, and that the wife had paid for it and owned a complete equity. A voluntary deed is where one conveys his own property to another without a valuable consideration. "If there be a valid consideration for the promise, it matters not from whom it is moved; the promisee may sustain his action, though a stranger to the consideration." Civil Code (1910), § 4249. After all, in this case, it is a close question of fact, to be determined by the jury; and the error in the charge, taken in connection with other grounds of the motion, requires the grant of a new trial. Compare *Jones* v. *Foster,* 150 *Ga.* 277 (103 S. E. 491).

3. In another ground of the motion for new trial complaint is made of the following instruction. "I charge you that possession of property by a grantor after an absolute conveyance to another is prima facie evidence of fraud." This charge was not adjusted to the evidence. It appears from the evidence that the grantor, Van-Pelt, was not occupying the property at the time the deed was executed, and did not occupy it for about a year thereafter, at which time he did so with the permission of plaintiff's attorneys.

4. Complaint is made of the following instruction to the jury : "If you find that Mrs. VanPelt knowing that her husband had taken title to the land in question in his own name with funds belonging to her, and she permitted him to retain title and possession and credit was extended to her husband on the faith of his apparent ownership, she would be estopped from making or having made a voluntary deed to the property so purchased as to defeat the rights of the creditors of her husband, seeking to recover the property to be applied by a trustee in bankruptcy upon the debts arising from credit extended upon the faith of her husband's

apparent ownership." This was error. The error consists in a misconstruction of the evidence by the court. It does not appear that the wife permitted the husband to take possession of the property, and, under the undisputed facts of the case, the deed executed by VanPelt to Ray was not a voluntary deed.

5. As the case is being remanded for another trial, no ruling is made on the sufficiency of the evidence.

*Judgment reversed. All the Justices concur.*