### 24957. BURD v. CITY OF ATLANTA.

DECIDED FEBRUARY 25, 1936.

*George & John L. Westmoreland, Alexander Bush,* for plaintiff. *J. C. Savage, C. S. Winn & Bond Almand,* for defendant.

BROYLES, C. J. Samuel I. Burd brought suit for damages against the City of Atlanta, alleging that Butler Street is a public street of the city; that there has been erected in the center of and across Butler Street a railroad bridge or trestle which is supported by and rests on foundations of steel and concrete with their base on Butler Street; that there are three of these supports, one on each side, and one in the center of Butler Street, each approximately two feet wide at the base; that Butler Street is approximately thirty feet wide; that the plaintiff, a stranger, was driving along Butler Street about 7:45 p. m., when it was raining very hard and difficult to see in front of the automobile he was driving; that his headlights were burning; that he was driving at the rate of 20 to 25 miles per hour; that the foundation or support of the bridge was dark or dull in color, and had no light or device which could

shine or show in the dark at said time and place or constitute a warning of any kind; that the plaintiff did not see the center support of said bridge or trestle until he was within 6 or 8 feet of it, and ran his automobile into it; sustaining certain described injuries for which he sues. He alleges that the city was negligent in failing to keep the street safe for travel, in failing to have the support lighted, in allowing the alleged dangerous condition to continue, it having existed for a number of years and the city having notice thereof.

The court sustained a general demurrer and dismissed the petition, and on this judgment the plaintiff assigns error.

It appears from the petition that although the plaintiff was a stranger and not familiar with the street, and although it was dark and raining hard so that the plaintiff could not see more than 6 or 8 feet ahead, he was driving at a speed of 20 to 25 miles an hour. It also appears that the plaintiff's automobile had lights that showed the way only 6 or 8 feet ahead, while the law requires that "the front lamps shall throw light to a reasonable distance in the direction in which such vehicle is proceeding." Code of 1933, § 68-302. The petition shows that the support against which the plaintiff collided was not a *temporary* obstruction left unlighted, but a *permanent* improvement used by the public for a number of years, and put there for the benefit of the public to save them from crossing a railroad track, which always has a certain element of danger. The alleged dangerous condition was nothing more than an underpass such as is often seen and used by the public on streets and highways where they intersect railroads, and it constitutes a safer means of travel than crossing on the same level with the railroad tracks. The passageway on each side of the center support was approximately 15 feet wide, which was ample width for an automobile to travel, and constituted all of the street at that point. What the plaintiff did in this instance was to deviate from the prescribed and regularly constituted street and collide with an obstruction on the side thereof. The fact that the underpass was put there and maintained without lights at night would not create a liability of the city; it having been put there for the benefit, convenience and safety of the public, and being a permanent structure in the nature of an improvement. Telephone poles and water plugs on streets and sidewalks are not lighted at night, and yet

they are obstructions which could result in injury, but the general welfare of the public necessitates them. "Permanent structures which do not interfere with travel and which are erected for public purposes, such as telegraph and telephone poles, and the like are permissible." *City Council of Augusta* v. *Reynolds,* 122 *Ga.* 754 (50 S. E. 998, 69 L. R. A. 564, 106 Am. St. R. 147). The structure in the instant case was permanent, erected for public purposes, and did not interfere with travel, but actually facilitated travel. The support of the underpass leaves ample room for travel, and "does not constitute an unreasonable interference with the lawful use of the street." *South Georgia Power Co.* v. *Smith,* 42 *Ga. App.* 100 (155 S. E. 80). No sudden emergency confronted the plaintiff which caused him to turn from the duly constituted travel way and collide with the support of the underpass. He was traveling between 20 and 25 miles an hour, in a city, over a street with which he was not familiar, in the dark, while it "was raining very hard," and when he could not see more than 6 or 8 feet ahead of him. In the language of the trial judge, "the court is constrained to hold that the plaintiff's injuries were the result of his own negligence, and that he would not have been injured except for such negligence on his part. Any other ruling would place an unreasonably heavy burden upon the city." The court did not err in sustaining the general demurrer and dismissing the action.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*