### 33773. BOROCHOFF *et al. v.* BREMAN.

Decided January 23, 1952.

*John L. Westmoreland, John L. Westmoreland Jr.,* for plaintiffs in error.

*J. Kurt Holland, Andrews, Nall & Sterne,* contra.

WORRILL, J. (After stating the foregoing facts.) ■ The first special ground of the amended motion for a new trial (numbered 4) assigns error on the following charge: "I charge you that it was the duty of the plaintiff, in the event there was a breach of the contract, to minimize the damages as much as possible. It was his duty to obtain the merchandise elsewhere at the best price obtainable and the difference between the cost of the merchandise obtained under those circumstances and the contract price agreed upon with the defendant, if he had a contract with the defendant, would be the measure of damages." It is contended that the charge is erroneous and misleading because the court should have charged, "I charge you that, if you find that the plaintiff is entitled to recover, the measure of damages in this case would be the difference between the contract price and the market value of the merchandise at the time and place for delivery." "The general rule is that in a suit for breach of contract for failure to deliver goods of a certain quality sold at a specified price, the measure of damages is the difference between the contract price and the market price at the time and place of delivery." *Hardwood Lumber Co.* v. *Adam & Steinbrugge,* 134 *Ga.* 821 (1) (68 S. E. 725, 32 L.R.A. (N.S.) 192). However, the rule is not inflexible in all cases; and if there is no market in which the buyer can readily obtain the merchandise and the existence of a subcontract is known to the seller, then the buyer, on the seller's default, has two courses open to him, one of which is to fulfill his subcontract, and for that purpose purchase the best substitute obtainable, and charge the seller with the difference between the contract price and the price of the goods substituted. *Hardwood Lumber Co.* v. *Adam & Steinbrugge,* supra. Here, the defendants would have known from the correspondence that the rails were to be used in connection with another contract at the Greenville courthouse. The testimony shows that the contractor "was on our [plaintiff's] neck about getting this material to the job"; that the order had been placed with the defendants in January, and in September the rails still hadn't come; that several sources of supply were contacted; and that Savannah Iron & Wire Works offered the lowest price and the quickest delivery. This evidence was sufficient to authorize the charge given.

■ The second special ground (numbered 5) objects to the following charge: "Now, gentlemen, with reference to the defendant's cross-action, in which it asks that the plaintiff's claim be denied and that you render a verdict for the defendant in the amount of $1000 as the alleged value of 'its shop drawings for which it is suing in its cross-action, I charge you with reference to that cross-action that the burden is on the defendant to prove to your satisfaction that it is entitled to recover on its cross-action. It is required to prove that to your satisfaction by a legal preponderance of the evidence. By a legal preponderance of the evidence is meant that superior weight of the evidence upon the issues involved which, while not enough to wholly free the mind from a reasonable doubt, is yet sufficient to include a fair and impartial mind to one side of the issue rather than to the other." It is contended that the charge was erroneous because the court should have further charged: "In determining where the preponderance of evidence lies, the jury may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testified, the nature of the facts to which they testified and the probability or improbability of their testimony, their interest or want of interest and also their personal credibility so far as the same may legitimately appear from the trial. The jury may also consider the number of the witnesses though the preponderance is not necessarily with the greater number." The charge given was correct; and that a charge which is correct in itself does not contain another applicable principle of law, is not a good assigment of error. *Ivey* v. *Hall*, 77 *Ga. App.* 350, 352 (48 S. E. 2d, 788).

■ The third special ground (numbered 6) assigns error on the following charge: "I charge you that it was the duty of the plaintiff, in the event there was a breach of the contract, to minimize the damages as much as possible. It was his duty to obtain the merchandise elsewhere at the best price obtainable and the difference between the cost of the merchandise obtained under those circumstances and the contract price agreed upon with the defendant, if he had a contract with the defendant, would be the measure of damages." It is contended that the words, "It was his duty to obtain the merchandise elsewhere," were errone-

ous since they constituted an expression of the court governing the conduct of the parties and so invaded the province of the jury. The charge is without error. If there was a breach of contract, since the defendants knew of the subcontract, the plaintiff had two courses open to him, either of which he could elect. *Hardwood Lumber Co.* v. *Adam & Steinbrugge,* supra. He chose to perform his subcontract; hence it was his duty to obtain the merchandise elsewhere at the best price obtainable.

■ The fourth special ground (numbered 7) contends that the court erred in charging the jury as follows: "Now, in that connection, as I have previously charged you, it was the duty of the plaintiff to minimize his damages in the event of a breach of the contract by the defendant. If there was a contract between the parties and that contract was breached by the defendant, as contended by the plaintiff, then the plaintiff, under those circumstances, would have the right to use those drawings to minimize those damages; otherwise, the plaintiff would have to have someone else draw the same drawings and would probably have to pay for them, which might increase his damages." It is contended that the charge constituted an expression by the court governing the conduct of the parties, and thus invaded the province of the jury. We see no error. Drawings were necessary to the manufacture of the rails; and to obtain and employ other plans would have manifestly increased the plaintiff's expenses. Since it was his duty to minimize his damages (Code, § 20-1410), it was his right to use the drawings for that purpose.

■ Special grounds 5, 6, and 7 (numbered 8, 9, and 10) contend that the court erred in failing to charge certain principles of law with reference to the consideration of a contract. In the absence of a timely written request, the instructions to the effect that there must be a good or valuable consideration to constitute a valid contract were ample.

■ The eighth special ground (numbered 11) contends that the court erred in ruling out the testimony of one of the plaintiff's witnesses on cross-examination as to what he estimated the rails to cost. The objection is without merit. As stated in division 1, the measure of damages is the difference between the purchase price of the substituted goods and the contract price,

and a witness's estimate of the cost could have no bearing on either figure.

The evidence supported the verdict, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Sutton, C.J., and Felton, J., concur.*