39108. FLOYD v. CITY OF ALBANY.

32

DECIDED DECEMBER 5, 1961.

*Farkas, Landau & Davis, James N. Davis,* for plaintiff in error.
*H. G. Rawls,* contra.

HALL, Judge. ■ Grounds 5(a) and (b), 6(a) and (b), 10(d), 11(c), 12(a) and (b), 14(b), 20(a) and (b), 23(c) and (d), 24(c) and (d), 25(c), 28 and 29 do not show reversible error. These grounds complain of charges by the court on the law of negligence, which the plaintiff contends were erroneous in that they excluded from the jury's consideration recovery by plaintiff on its nuisance count 2, and confused and misled the jury to understand that the plaintiff could not recover except by reason of the city's negligence.

It is true that in many parts of the charge the court gave instructions on the plaintiff's duty of care, the city's duty of care, comparative negligence, the defendant's liability or non-liability for negligence, without applying them specifically to count 1. The nuisance alleged by plaintiff in count 2 was that the presence of the scales "as described" was an unlawful obstruction that interfered with the free use of the sidewalk and created a dangerous hazard to pedestrians. The scales were described as located "in such a manner as not to be readily visible to a pedestrian turning the corner." The plaintiff thus alleged a nuisance

■

growing out of negligence, i.e., the scales were a nuisance because at their particular location, where they were not in plain sight of pedestrians, they became a concealed danger. McFarlane v. City of Niagara Falls, 247 NY 340 (160 NE 391).

Accordingly, to authorize a recovery for the nuisance alleged it was necessary for the jury to find that the scales were hazardous to pedestrians and that therefore their maintenance at the location constituted negligence.

For this reason the charges complained of were not error. While it would have been preferable in charging the jury to clearly distinguish the two counts, failure to do so was not harmful error to the plaintiff.

■ Grounds 8(b) and (c), 9(d), 10(b) and (d), and 25(c) show no error. The charges complained of in these grounds dealt with the defendant's liability and the damages recoverable by plaintiff in the event plaintiff was found to have contributed to his injuries by his own negligence. The plaintiff contends that these charges were not properly applicable to count 2 based on nuisance, and were error because the court did not limit their application to count 1. Most courts confronted with a case based on nuisance, and having facts similar to these, have held that contributory negligence is a good defense. Annot., 73 ALR2d 1378, 1387. In Deane v. Johnston, 104 So. 2d 3 (Fla.), where the nuisance complained of was a weighing scale on the public sidewalk, with the result that plaintiff fell, the court held that the owner, who intended the machine to be located on the sidewalk, but not for the purpose of obstructing passage, did not commit an intentional tort, and contributory negligence was properly submitted as a possible defense. Accord, *Branan v. May*, 17 Ga. 136; *Maddox & Rucker v. Cunningham*, 68 Ga. 431, 434 (45 AR 500). We consider this to be the sound rule. The rule stated in *Barrow v. Ga. Lightweight Aggregate Co.*, 103 Ga. App. 704, 715 (120 SE2d 636), cited by plaintiff, that contributory negligence should not be a defense to a wilful tort, does not apply here.

■ Grounds 8(d) and (e), 9(e), 10(a), 13(b), 17(a), 18(a) and 25(b) complain of several charges dealing with the effect of the plaintiff's negligence on his right to recover, on the ground that they were not supported by the evidence. Plaintiff's testi-

mony was that he was looking right at the corner, that as he turned the corner he fell right over the scales, that he was looking ahead of him as near as he could, and did not see the scales. A witness who saw the fall from across the street testified that plaintiff was coming around the corner looking ahead and all at once he fell; the scales were there and he must have fallen over them. Another witness testified that he had a fall over the same scales probably a couple of years ago. On cross-examination he answered questions as follows: ". . . If you had been looking you could have seen them?"—"That's quite right."—". . . You can see the platform before you get to the corner, can't you, if you are looking?"—". . . I wear bifocals and it is very difficult to see it, but after I found out they were there I avoided it. . . . You could not see the scales but a very small part of the foot as you come down Broad."—"You could see there was a platform out there if you were looking, couldn't you?"—"Probably 6 or 8 inches." The testimony of this witness was sufficient to make a jury question as to whether a person in the exercise of reasonable care for his own safety in the circumstances could have seen the scales and avoided falling over them.

These grounds do not show error.

■ The complaint in ground 4 is that the court's charge, to the effect that the city contended " . . . that the license to operate these scales has been granted to Harry Goldstein and R. W. Ruben, and that if any negligence occurred from this occasion that it was not due to their failure to exercise ordinary care and diligence," intimated that "the city, having granted a license, was relieved of any further responsibility." This charge is inaccurate and confuses the issues in the case. However, the charges given by the court made clear the city's liability for an unsafe condition of its sidewalk created by others. As a new trial will result from the decision on other grounds, no ruling will be made as to whether the charge complained of would alone require a new trial.

■ In ground 7 the plaintiff contends that the court's charge to the effect that the plaintiff had the burden to prove his case by a preponderance of the evidence was error, because the court failed to charge further that the defendant had the burden to

prove by a preponderance of the evidence its contended defenses of plaintiff's contributory negligence.

That a charge, which is correct in itself, does not contain another applicable principle of law is not a good assignment of error. *Borochoff v. Breman,* 85 Ga. App. 256, 259 (68 SE2d 915); *Roberts v. State,* 88 Ga. App. 767 (77 SE2d 825). The charge complained of was applicable and not error.

■ Grounds 11(a) and (b) complain of the following charge: "In determining whether the defendant City of Albany should have caused the scale in question to have been removed, it must appear that a reasonable person would have anticipated danger from the maintenance of the scale in the manner shown in this case. In resolving this question you may look to the evidence to ascertain the length of time the scale had been located at the place described in the suit and shown by the evidence." Plaintiff contends that the length of time the scale had been located at the place described was irrelevant and immaterial to and did not tend to prove negligence. We agree with this contention because in this case the defendant had actual notice of the presence and position of the scales. As the jury could have been misled by this charge, it was reversible error. *Poland v. Osborne Lumber Co.,* 34 Ga. App. 105, 108 (128 SE 198); *Rowe v. Cole,* 176 Ga. 592 (168 SE 882).

■ In ground 14(a) the plaintiff complains that the charge " . . . in order for the negligence of this defendant, if any, to support a finding in favor of the plaintiff you must find that such negligence was the proximate cause of plaintiff's injuries," was incorrect because " . . . it would be sufficient if the defendant's negligence contributed proximately to plaintiff's injuries along with some negligence of the plaintiff or some concurring negligence of other third persons. The charge ignored the comparative negligence rule . . . and the concurrent negligence rule, and was calculated to lead the jury to believe, and did in fact instruct the jury, that before defendant could be held liable for its negligence, it must have been the only cause of plaintiff's injuries."

This portion of the charge complained of immediately preceded the following: "If you should believe that the City of Albany was in the exercise of ordinary care in the maintenance of the side-

walk and that plaintiff's injuries were occasioned by his own negligence or the negligence of somebody else other than the City of Albany, and that the negligence was not occasioned by the negligence of the City of Albany, then and in that event it would be your duty to find in favor of the defendant, the City of Albany."

Considering the charge complained of in its proper context, together with other charges of rules applicable to defendant's liability and damages in the event both the city and the plaintiff were found negligent in some degree, we do not think it misled or instructed the jury as contended or harmed the plaintiff. The authorities cited by the plaintiff do not contradict this holding. The charge complained of was not error.

■ Grounds 15(a) and (b) complain that the court charged: "It is without dispute in this case that the plaintiff . . . . accepted from the [partners], after the suit was filed, the sum of $1,000 by way of compensation for his injuries and executed to [the partners] a covenant not to sue, dismissed the petition and struck their names as codefendants in this case."

The plaintiff contends that this charge was an expression of opinion by the court, and was an erroneous statement of fact and of law, in that the court charged that the plaintiff had accepted a sum by way of compensation for his injuries, whereas the evidence showed that the plaintiff only accepted the money in return for a covenant not to sue, and did not accept the money as compensation for his injuries.

It is true the evidence does not show the plaintiff accepted the sum "by way of compensation for his injuries." We think the court when it charged on the transaction involving the payment to plaintiff and the covenant not to sue should have correctly explained its effect. The charge including the incorrect statement about the evidence, could have harmed plaintiff and was reversible error. *Ray v. McCurdy,* 171 Ga. 554, 557, 560 (156 SE 232); *Shannon v. State,* 147 Ga. 172 (93 SE 86); *Avery & Co. v. Sorrell,* 25 Ga. App. 641 (104 SE 26).

■ Ground 16 complains that the court charged, "If you feel that the sum of a thousand dollars fully covered the damage to which the plaintiff is entitled in this case, or if you should believe that he is entitled to additional sum from the codefendant, but

is not entitled to recover from the defendant, City of Albany, then and in that event you should find in favor of the defendant." Plaintiff contends this charge is error because under the admitted facts of this case—that the scales were maintained by the partners with the city's knowledge and consent—if plaintiff was entitled to additional recovery from the partners he was as a matter of law entitled to recover from the defendant.

For the reasons stated in division 11 infra, this charge was error in injecting into the case the issue of the partners' negligence. Furthermore, under the evidence, ". . . the city is liable for the consequences just as it would be" if it had itself maintained the scales. *Bentley v. City of Atlanta*, 92 Ga. 623, 628 (18 SE 1013); *Brown v. Mayor &c. of Milledgeville*, 20 Ga. App. 392 (93 SE 25); *City of Dalton v. Joyce*, 70 Ga. App. 557, 561 (29 SE2d 112). The charge complained of was reversible error.

■ Ground 19 complains that the court charged the jury as follows: "Count 2 of the petition is based on alleged maintenance by the City of Albany of a nuisance. In this connection I charge you, Gentlemen of the jury, unless you believe from a preponderance of the evidence that the location of the scale was injurious to the plaintiff by reason of its relationship to his home or probably [property?] located in the neighborhood or that it was especially injurious to plaintiff as a member of the public as constituted [constituting?] an obstruction to the sidewalk you would not be authorized to find in favor of the plaintiff under the allegations of count 2 of the petition."

It appears that the court undertook in the beginning of this charge to refer to a private nuisance (*Coker v. Birge*, 9 Ga. 425, 427, 54 AD 347), and in the remainder to state the law found in *Code* § 72-103: ". . . If a public nuisance shall cause special damage to an individual, in which the public do not participate, such special damage shall give a right of action." Plaintiff's allegations in count 2 were of a public nuisance. *Maddox & Rucker v. Cunningham*, 68 Ga. 431, 434 (45 AR 500). The charge relating to private nuisance was inapplicable in this case, and that on public nuisance was an inaccurate statement of the above statute. Therefore, the charge was reversible error.

■ The plaintiff contends that the court erred in giving

certain charges to the effect that, if the sole proximate cause of plaintiff's injuries was the negligence of someone other than the defendant, there could be no recovery against the defendant, even though the defendant was found negligent. Grounds 23(b) and 24(b) assign error on the grounds that these charges were incorrect and incomplete statements of law, "in that the court failed to charge the rest of the rule, which is that if the defendant's negligence combined and concurred with the negligence of someone else as a proximate cause of plaintiff's injuries, plaintifl would be entitled to recover notwithstanding the negligence of such other persons." These assignments of error were not good, under the authorities cited in division 5.

Grounds 23(a) and 24(a) assign error on the grounds that the charges were unsupported and unauthorized by the evidence, "in that there was no evidence of any negligence on the part of any other persons except the [partners], and under the evidence and pleadings . . . if [the partners] were negligent, then the City of Albany of necessity was negligent also, and there could not be any situation under the evidence in this case where someone else's negligence could be the sole proximate cause of plaintiff's injuries."

The contention that the charges were unauthorized by the evidence is correct. The plaintiff's amended petition, upon which the case was tried, specifies no negligence on the part of the partners. The only affirmative allegation of the city's answer was to the effect that plaintiff's own negligence was the sole cause of his injuries. Under the pleadings and the evidence, the only person other than the city, whose negligence was in issue was the plaintiff. However, these matters make little practical difference in this case, since the facts were that the partners maintained the scales with the knowledge and consent of the city; and whatever was the legal effect of maintaining the scales as proved, it applied to either. The negligence of the partners was not in issue simply because they were not defendants in this case. These charges nevertheless could have confused the jury and harmed plaintiff; hence, as the charges were unauthorized by the evidence, they were reversible error. *Citizens & Southern Nat. Bank v. Kontz*, 185 Ga. 131, 147 (194 SE 536); *Poland v. Osborne Lumber Co.*, 34 Ga. App. 105, 108, supra.

■ Ground 27 complains of the charge, "of course, if you didn't find any amount whatever for these special damages that would be tantamount to bringing in a verdict for the defendant," as having the effect of instructing the jury that they should bring in a verdict for the defendant if they found against the plaintiff with respect to his doctor's bill, whereas under the evidence plaintiff was entitled to general damages for pain and suffering. This charge was given in context with instructions on the items of special damages claimed by the plaintiff and was followed by instructions on general damages, the guide for determining damages for physical and mental pain and suffering, and that the jury might allow plaintiff the full amount of general damages sued for. Therefore, the charge complained of was not error or harmful to the plaintiff.

■ The evidence presented jury questions on the controlling issues in the case; therefore the general grounds of plaintiff's motion for new trial are without merit.

For the reasons stated in divisions 6, 8, 9, 10, and 11, the judgment must be

*Reversed. Felton, C.J., and Bell, J., concur.*