## 49248. HUTCHESON v. CITY OF JESUP.

CLARK, Judge.

This appeal is another of the progeny stemming from *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141, 34 ALR3d 1002) wherein malfunction of a traffic light was held to come within the operation or maintenance of a nuisance for which a municipality could be liable irrespective of whether it is exercising a governmental or a ministerial function. It is of interest to note that this *Fort Oglethorpe* case has produced such surprising sequels as *Winston v. City of Austell,* 123 Ga. App. 183, 185 (6) (179 SE2d 665) holding the manner in which a city jail is maintained may be based on the theory of nuisance and *City of Gainesville v. Pritchett,* 129 Ga. App. 475 (199 SE2d 889) where plaintiff's pleading of such theory as to the municipality's participation in a Fourth of July community celebration was upheld in denying the city's summary judgment motion. This court declined to apply the doctrine to the State Highway Department because it was an agency of the state (*State Highway Dept. v. Barrett,* 124 Ga. App. 703 (3) (185 SE2d 624)). See also the excellent note in 5 Ga. State Bar Journal 474 by Dow N. Kirkpatrick, II written while he was a student, under the caption: "Town of Fort Oglethorpe v. Phillips: A Clarification of Georgia's Public Nuisance Law?"

The instant suit was based upon the contention that

the City of Jesup created and maintained a nuisance in failing to repair an often defective traffic light which governed the intersection at which plaintiff's car collided with another car. After a verdict and judgment thereon for the municipality, plaintiff has brought this appeal wherein there are enumerated three errors. Two of these deal with the court's instructions to the jury and the third involves the court's failure to give a requested charge to the jury.

The evidence introduced at trial demonstrated the traffic light was not working properly for two or three weeks before the accident and that it had been fixed on several occasions during that period; that on the day before the collision two of the signal's light bulbs were burned out; and that at the time of the occurrence the traffic signal was not functioning properly. (T. 22, 23, 12, 13, 33, 35). The evidence also disclosed that the intersection in question was a busy intersection with both through and local traffic; and that the plaintiff approached the intersection at a speed of 20 or 25 miles per hour. (T. 141, 97).

1. Plaintiff asserts that the trial court erred in giving the following instruction: "I charge you that Georgia Code Section 68-1626 states a principle of law that is relevant in this case, and I give it to you so that you may apply the facts as you find them to the law. I shall now quote you the portion of the code section that may or may not apply to this case, depending upon what your finding of facts be in the case: 'General speed restriction: A. No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care under the circumstances.' 'The driver of every vehicle shall, consistent with the requirements that I have just read, drive at an appropriately reduced speed when approaching and crossing an intersection.' I further charge you that a violation of a law or statute of this

State, such as I've just given to you, is negligence as a matter of law, or what the law terms 'negligence per se'." (T. 168).

We find no error here. As the evidence demonstrates that the plaintiff approached a busy intersection in which the traffic signal was defective, a jury question was presented as to whether the plaintiff's speed was reasonable under the circumstances. *Currey v. Claxton,* 123 Ga. App. 681, 682 (1a) (182 SE2d 136) dealt thusly with this subject: "Subsections (a) and (c) of the above statute require that 'no person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing,' and 'the driver of every vehicle shall, consistent with the requirements of subsection (a) [above], drive at an appropriate reduced speed when approaching and crossing an intersection. . .' In *Hardwick v. Ga. Power Co.,* 100 Ga. App. 38, 43 (110 SE2d 24) it was held that: 'The only reasonable construction to be applied. . . [to Subsection (c) of the speed restrictions statute] is that a driver must reduce the speed of his vehicle in approaching an intersection so as to bring its immediate control within his power and render it safe to go into the intersection at the reduced rate of speed. *If a driver approaches an intersection at a very low and lawful rate of speed it is a question for the jury as to whether in order to comply with Subsection (c) of the Code section he need further reduce the speed of his vehicle. . .'* (Emphasis supplied.) [Cits.] Subsection (c) is not only applicable to those who are already violating the law by traveling at an excessive speed, but applies to any operator approaching an intersection. [Cits.] . . . Thus . . . [t]he jury had a right to consider the evidence under an appropriate charge by the court. While there was no contention in the defendant's pleadings that the plaintiff was violating any traffic regulations, yet he made the above written requests to charge based upon the evidence shown above, and it was incumbent upon the trial court to charge these requests as made unless covered substantially elsewhere in the charge."

2.   Plaintiff also contends that the court erred in

charging that "If the plaintiff by ordinary care could have avoided the consequences to herself caused by any maintenance of a nuisance by the defendant, she is not entitled to recover." (T. 168). This charge was authorized by the evidence as to the plaintiff's speed, the busy nature of the intersection, and the defect of the traffic signal. See *Floyd v. City of Albany,* 105 Ga. App. 31, 34 (2, 3) (123 SE2d 446).

3. Plaintiff's third enumeration of error alleges that the court erred in failing to charge "that if . . . the City of Jesup is guilty of ordinary neglect in failing to take such steps to remedy a situation such as the one of which complaint is made in the petition as amended after the need for such steps is apparent, or should be apparent in the exercise of ordinary care and diligence, it may be said that a nuisance is being maintained."

Although the exact language of plaintiff's request to charge was not given by the court, we think the learned trial judge substantially covered the law pertaining to the plaintiff's right to recover upon the theory of nuisance. See *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, supra. The court charged in part "that a municipal corporation such as the City of Jesup may be held responsible for the creation or maintenance of a nuisance without reference to any question of negligence where, because of the nuisance, health or life be endangered." Furthermore, the court charged "that if. . . the City of Jesup, had knowledge of the allegedly defective condition of the traffic light at this intersection, and that these officials did not repair this defect within a reasonable time, but continued to allow it to operate defectively, they would be guilty of a nuisance dangerous to life and health. . ." (T. 166).

"It is obviously economical of court and jury time to compare the jury instructions offered by the litigants with those presented by the trial judge in such manner that, if it can be determined that the point at issue was presented in substantially as clear and understandable a manner as that requested, keeping in mind that a jury is a lay audience, there should be no reversal where the language conveys correctly the intent of the law and is so framed as to be applied with understanding to the fact

situation." *Jackson v. Miles,* 126 Ga. App. 320, 322 (190 SE2d 565). See also, *White v. State,* 230 Ga. 327, 339 (196 SE2d 849).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

ARGUED APRIL 1, 1974 — DECIDED MAY 1, 1974 — REHEARING DENIED JUNE 12, 1974 — ▮▮▮▮▮▮▮▮

*Richard D. Phillips,* for appellant.
*Thomas, Howard & Smith, Robert B. Smith,* for appellee.