50001. COPPEDGE et al. v. COLUMBUS, GEORGIA et al.
50002. COPPEDGE v. COLUMBUS, GEORGIA et al.
50034, 50035. LONG v. COLUMBUS, GEORGIA et al.
(two cases).

WEBB, Judge.

At approximately 9:45 p.m. on July 1, 1973, an automobile being driven by Thomas Coppedge, Sr., in which his wife and two minor children were passengers, and one being driven by Betty Ann Long collided at the intersection of 14th Avenue and 37th Street in Columbus. Plaintiffs Coppedge brought two suits for damages against Betty Long and Columbus, Georgia, alleging that there was a stop sign maintained by defendant municipality requiring vehicles proceeding east on 37th Street to stop prior to entering the intersection; that defendant Long, proceeding east on 37th Street, failed to stop prior to entering the intersection; that the stop sign was partially obscured from view by foliage, limbs and other growth; that on the date of the collision and for several weeks beforehand the police and members of the Metro Council of defendant municipality had knowledge

that the stop sign was concealed; that numerous accidents had resulted from the stop sign's being obscured by foliage and other growth; that the Columbus police and members of the Columbus Council knew that numerous accidents had occurred because of the obscured stop sign; that defendant municipality's negligent and careless maintenance of the stop sign at the intersection in allowing it to be concealed by limbs and foliage constituted a nuisance in that it interfered with the orderly and safe operation of vehicles and rendered the street not reasonably safe for use; and that this hazardous condition created by defendant municipality's negligence and the negligence of defendant Long concurred in causing the injuries and damages complained of.

Defendant Long answered and asserted a cross claim against the municipality, alleging that the stop sign was completely obscured from her view; that defendant municipality knew that the stop sign was completely obscured by foliage, limbs and other growth as described in the complaint; that all of the damages and injuries complained of were proximately caused by the negligence of defendant municipality in knowingly maintaining the stop sign as described in the complaint and in knowingly allowing it to become completely obscured from the view of oncoming traffic even though it was on notice of the condition and of resulting collisions; and that she was injured and damaged in a stated amount as the result of the negligence of the municipality in maintaining the intersection as set out above.

Defendant municipality moved to dismiss the complaint and defendant Long's answer and cross claim, contending that these pleadings set forth no claim for relief against it and that liability was sought to be established against it for its performance of a governmental function. The trial court granted the motions and ordered the complaint, answer, and cross claim dismissed. Plaintiffs Coppedge appeal in the first two cases from the dismissal of their two complaints, and defendant Long appeals in the second two from the dismissal of her answers and cross claim. *Held:*

"This appeal is another of the progeny stemming from *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834 (165

SE2d 141, 34 ALR3d 1002) wherein malfunction of a traffic light was held to come within the operation or maintenance of a nuisance for which a municipality could be liable irrespective of whether it is exercising a governmental or a ministerial function. It is of interest to note that this *Fort Oglethorpe* case has produced such surprising sequels as *Winston v. City of Austell,* 123 Ga. App. 183, 185 (6) (179 SE2d 665) holding the manner in which a city jail is maintained may be based on the theory of nuisance and *City of Gainesville v. Pritchett,* 129 Ga. App. 475 (199 SE2d 889) where plaintiff's pleading of such theory as to the municipality's participation in a Fourth of July community celebration was upheld in denying the city's summary judgment motion." *Hutcheson v. City of Jesup,* 132 Ga. App. 84 (207 SE2d 547), involving a defective traffic light.

In another progeny, *Mayor &c. of Savannah v. Palmerio,* 130 Ga. App. 238 (202 SE2d 677), where the city was charged with a nuisance in failing to provide an adequate system of signal lights and warning signs to warn motorists of the reversible lane usage on a viaduct, we held that the city's motion for summary judgment was properly denied.[1]

The complaints and the cross claim in the instant cases adequately set forth the claims sought to be asserted. "Since the adoption of the Civil Practice Act (Ga. L. 1966, p. 609: 1967, p. 226; Code Ann. Title 81A) a complaint need not set forth a cause of action in order to

---

[1]This court declined to apply the *Fort Oglethorpe* doctrine to the State Highway Department in *State Highway Dept. v. Barrett,* 124 Ga. App. 703 (3) (185 SE2d 624), and to an independent school system in *Sheley v. Board of Public Education,* 132 Ga. App. 314 (3) (208 SE2d 126). In *Hancock v. City of Dalton,* 131 Ga. App. 178 (205 SE2d 470), we held that the city's involvement with a railroad crossing was too indirect to support a nuisance action, and in *City of Atlanta v. Roberts,* 133 Ga. App. 585 (211 SE2d 615), we held that a disabled garbage truck had not remained in an abandoned condition in a traffic lane long enough to constitute a nuisance.

withstand a motion to dismiss but need only to set forth a claim for relief. Under that title, the complaint may no longer be construed most strongly against the pleader. 'Furthermore, "a motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." 2A Moore, Federal Practice 1706, § 8.13.' *Mitchell v. Dickey,* 226 Ga. 218, 220 (173 SE2d 695); *Gill v. Myrick,* 228 Ga. 253, 259 (185 SE2d 72); *Johnson v. Wormsloe Foundation,* 228 Ga. 722, 725 (187 SE2d 682)." *Koehler v. Massell,* 229 Ga. 359, 361 (191 SE2d 830); *Almaroad v. Giles,* 230 Ga. 473 (197 SE2d 706). "It now suffices to plead conclusions, whether of fact or of law, provided the pleading is sufficiently definite so as to give fair notice to the opposite party of the precise nature of the matters thereby raised and sufficiently inform the court to determine the question presented." *Woods v. Canady,* 126 Ga. App. 389 (190 SE2d 920). "Furthermore, 'It is only where it *clearly appears* from the petition that the negligence charged against the defendant was not the proximate and effective cause of the injury that the court may upon *general demurrer,* as a matter of law, so determine.' *Sarno v. Hoffman,* 110 Ga. App. 164, 167 (138 SE2d 96)." *Crane v. Doolittle,* 115 Ga. App. 309 (154 SE2d 634). Consequently, under the authority of *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, supra, by which we are bound, we hold that the trial court erred in dismissing the complaints, answers, and cross claim.

*Judgments reversed. Bell, C. J., and Marshall, J., concur.*

Submitted January 6, 1975 — Decided February 5, 1975 — Rehearing denied February 14, 1975 —

*Elkins, Flournoy & Garner, Thomas M. Flournoy, Jr.,* for Coppedge.

*Rudolph Jones,* for Long.

*Lennis F. Davis, E. H. Polleys, Jr.,* for appellees.