## 52194. BOWEN v. LITTLE et al.

DEEN, Presiding Judge.

The installation and maintenance of traffic lights is a governmental function. *City of Rome v. Potts,* 45 Ga. App. 406, 410 (165 SE 131); *Stanley v. City of Macon,* 95 Ga. App. 108 (1) (97 SE2d 330); *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 836 (165 SE2d 141). In the same way, failure to maintain a stop sign (*Arthur v. City of Albany,* 98 Ga. App. 746 (106 SE2d 347)) or to put lights adjacent to an underpass (*Burd v. City of Atlanta,* 52 Ga. App. 681 (184 SE 412)) or maintain street lights (*Williams v. Mayor &c. of Washington,* 142 Ga. 281 (1) (82 SE 656)) has been held not actionable. "Where municipal corporations are not required by statute to perform an act, they may not be held liable for exercising their discretion in failing to perform the same." Code § 69-302.

In the absence of a law or ordinance requiring the defendant City of Ocilla to erect a traffic light at an intersection named in this complaint, as a result of which the plaintiff was allegedly injured, the erection and maintenance of such a signal is discretionary, and it cannot be held liable for mere failure to perform such act. This result has been reached generally when raised in other jurisdictions. Resnik v. Michaels, 52 Ill. App. 2d 107 (201 NE2d 769) held: "The Village of Park Forest certainly would not be liable for not passing an ordinance providing for traffic signs on Tampa Street at the intersection with Talala, on the ground that it thereby failed to regulate the flow of traffic and failed to protect motorists from the dangers inherent in driving an automobile at that corner." To the same effect see Slavin v. City of Tucson, 17 Ariz. App. 16 (495 P2d 141): "[T]here is no duty [on the city] to regulate traffic by posting signs or otherwise . . . [however] once the city undertakes to control traffic with signs or warning devices, it cannot create a dangerous condition in doing so . . . and must properly maintain the signs." It was on this premise that liability was grounded in *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, 838, supra, where the city *maintained* a defective traffic light showing green in all four directions. The court held that while negligence in

discharging a governmental function is not actionable, the city may not *create* a situation dangerous to life and, while so maintaining it, escape liability for resulting damage. The maintenance under such circumstances becomes a nuisance.

This is substantially the holding in *Hancock v. City of Dalton,* 131 Ga. App. 178, 181 (205 SE2d 470) where it was contended that failure of the city to maintain traffic signals at a railroad crossing constituted a nuisance, and the court held that, in the absence of a provision to that effect in the contract between the municipality and the railroad there was no such duty. In *Hutcheson v. City of Jesup,* 132 Ga. App. 84 (207 SE2d 547) on the contrary, the city after installing the lights maintained them in a defective condition and a jury issue on nuisance resulted. Similarly, in *Coppedge v. Columbus, Ga.,* 134 Ga. App. 5 (213 SE2d 144) where the city elects to erect a stop sign at an intersection to regulate traffic but then allows it to become obscured by foliage, the defective maintenance may itself become a nuisance. In all of these cases a clear line is drawn between a discretionary nonfeasance and the negligent maintenance of something erected by the city, in its discretion, in such manner as to create a dangerous nuisance, and which amounts to misfeasance.

The court did not err in dismissing the City of Ocilla as a party defendant to this tort action.

*Judgment affirmed. Webb, J., concurs. Quillian, J., concurs specially.*

ARGUED MAY 5, 1976 — DECIDED JUNE 15, 1976 — REHEARING DENIED JUNE 29, 1976 —

*Jack J. Helms, Walters & Davis, J. Harvey Davis,* for appellant.

*Mixon & Mixon, Harry Mixon, Reinhardt, Whitley & Sims, Glenn Whitley,* for appellees.

QUILLIAN, Judge, concurring specially.

I concur because I am bound by the cited cases and the legal tenet that "[s]tability and certainty in law are

desirable; [and] stare decisis is a valid and compelling basis of argument." *Hall v. Hopper,* 234 Ga. 625, 631 (216 SE2d 839). In my view a municipality is just as liable for its design and construction of an inherently dangerous intersection, whether or not it erects a warning or stop sign, as it is if it does erect a stop sign and fails to maintain it in a responsible manner.