24558.  LUNDY <em>v.</em> CITY COUNCIL OF AUGUSTA.

656

DECIDED AUGUST 17, 1935.

*Clément E. Dunbar,* for plaintiff.
*William T. Gary,* for defendant.

JENKINS, P. J. ■ While it is the duty of a city "to keep its streets and sidewalks in a safe condition for travel in the ordinary modes, by night as well as by day, and if it fail to do so, it is liable for damages for injuries sustained in consequence of such failure" (*Mayor &c. of Atlanta* v. *Perdue,* 53 *Ga.* 607, 608; *Butler* v. *Atlanta,* 47 *Ga. App.* 341, 343, 170 S. E. 539), the laying out and construction of city streets is a governmental function, and a city will not be liable for an injury, upon the theory merely that it had constructed and was maintaining a dangerous intersection at a place where one street entered at right angles without extending beyond another street, and that the city was negligent in merely failing to place a sign, marking, device, signal, or warning to automobiles approaching the intersection at night along the former street, and that the street thus ended after entering the other street; even though it be further alleged that "there is an opening or open roadway or entrance-way between the houses there situated . . which would indicate to and convince any one driving in darkness . . that at said point said [street] did not terminate, but continued on beyond." There being no allegation that the city had anything to do with the construction or maintenance of such roadway between the houses, the averments with regard to the intersection and warning to motorists at night show no act by the city, beyond the exercise of its proper governmental functions, in constructing the two streets, and show no such dangerous condition as would create a duty upon its part to erect and maintain a

sign or signal at night at the intersection, to warn automobilists, proceeding with proper lights, speed, and ordinary care, that one street, after entering the other, did not continue beyond. See *Mayor &c. of Savannah* v. *Jones,* 149 *Ga.* 139, 141, 142 (99 S. E. 294) ; *Town of Poulan* v. *Atlantic Coast Line R. Co.,* 123 *Ga.* 605 (5, 6), 610 (51 S. E. 657) ; 1 McQuillin on Mun. Cor. 965, § 390; 3 Id. 194, § 981.

■■ "In the absence of any statutory requirement, a municipal corporation is not under any obligation to light its streets. with lamps, and from the exercise of its discretion in regard to whether· it will do so or not no liability will arise. But if a municipality obstructs a street or allows it to remain obstructed, or out of repair, or in a dangerous condition, the fact of the absence of lights or safeguards of any character at the place, or that a street light established at that point has been allowed to remain unlit for a number of nights before an injury occurs to a passer, may be considered, along with other evidence, in determining whether there is negligence in failing to keep the street in a reasonably safe condition." "If the city performs its duty with reference to keeping its streets in reasonably safe condition, the mere absence of an ordinary street light at a given point will not constitute such negligence as to render the city liable. But if the question is whether a city has performed its duty in regard to keeping a street in a reasonably safe condition, or whether it has been negligent in that regard, and in respect to failing to erect proper safeguards or to placing proper lights at a dangerous place where an injury occurs, the character of the light at that point, or its absence, may be shown as a circumstance bearing on the question of negligence." *Williams* v. *Washington,* 142 *Ga.* 281 (82 S. E. 656, L. R. A. 1915A, 325, Ann. Cas. 1916B, 196) ; *City of Greensboro* v. *Robinson,* 19 *Ga. App.* 199 (91 S. E. 244) ; *City of Rome* v. *Potts,* 45 *Ga. App.* 406, 410 (165 S. E. 131) ; *Butler* v. *Atlanta,* supra. The instant amended petition by a mother to recover from the city for the loss of life of her daughter from injuries received in the overturning of an automobile, in which the deceased was riding at night as a guest of the driver, alleges, as negligence by the city, its failure to erect or maintain any sign, marking, device, signal, or warning to automobilists that the street on which the automobile was travelling ended in the manner described; and its failure to maintain and

keep in use adequate and sufficient lighting so as to disclose to the driver of the car the conditions stated, although the city had previously undertaken and was continuing to undertake to light said two streets. The petition alleges, as additional negligence, that "there had drifted onto the aforesaid paving of said [street], for and remaining there a number of days before said accident, sand from the material with which the aforesaid southern portion of the [crossing street] was paved or surfaced, a condition of which the defendant had notice or which had existed for a sufficient length of time for the defendant to be considered in law to have had notice;" that "the condition of drifted sand upon said [street] at the aforesaid point of intersection and on the approach of said [street] to said point of intersection, as hereinbefore referred to, caused the aforesaid automobile, at the time of said accident, to skid or slide into the curbing as aforesaid, whereas, but for the presence of said sand upon the aforesaid hard-surfaced pavement . . the said automobile would have safely turned into and proceeded along said [crossing street] towards the north, and said fatal accident would not have occurred." While, under the preceding rulings, the petition was subject to the demurrer in failing to set forth a cause of action with regard to the mere failure to maintain a sign or warning at the intersection of the two streets as described, the averments as to the accumulation of sand, as to the skidding of the automobile into the curbing by reason of its presence, as the proximate cause of the injury, and as to notice to the city were sufficient to state a cause of action good as against the general demurrer. The averments as to insufficient lighting, although alone constituting no actionable negligence, were pertinent as a circumstance bearing upon the question whether the alleged accumulation and presence of the sand was negligence by the city, and whether this was a contributing proximate cause of the injury, under the alleged conditions at night at the street intersection. Although mere contributory negligence by the driver of the automobile would not be imputable to the deceased as a guest, it would be a question for the jury, not only as to whether any alleged act or omission by the city with regard to the sand constituted a lack of ordinary care upon its part, if it had notice as to such sand, but as to whether the proximate cause of the injury was such negligence, or was any negligence by the driver through his own acts or omissions. On

this latter question, the lighting of the street also would be material.

4. The ante litem notice before the filing of suit against a municipal corporation, required by the Code of 1933, § 69-308, is not subject to the strict rules of pleading. A substantial compliance with the statute is sufficient. The notice need state only such facts, without elaborating the details of the alleged negligence, as will enable the municipality to promptly investigate for itself the merits of the claim. *Langley* v. *Augusta,* 118 *Ga.* 590 (11) (45 S. E. 486, 98 Am. St. R. 133); *City of Rome* v. *Stone,* 46 *Ga. App.* 259 (167 S. E. 325); *City of Atlanta* v. *Blackmon,* 50 *Ga. App.* 448 (178 S. E. 467); *Harrison Co.* v. *Atlanta,* 26 *Ga. App.* 727 (107 S. E. 83). The instant notice to the city, a copy of which is attached as an exhibit to the petition, was sufficient. Since it set forth as alleged negligence the failure to give, provide, erect, or place in operation *any device or warning, or the like,* properly guiding, directing, or *warning* automobiles at the place of injury, such notice was broad enough to cover the amendment to the petition that the lighting at the intersection was inadequate and insufficient to disclose to the driver of the automobile the conditions described, preceding the injury, which allegations as to lighting, while showing no negligence in and of themselves, were material to the extent above held. Although the notice contained no reference to any act of negligence on account of the sand, as set forth in the petition, it is unnecessary to determine whether, in the absence of such a reference, the petition could allege such negligence, since that question could be raised only by special demurrer, and the contention is made only in the brief of counsel.

5. "The proper judgment on a special demurrer going only to the meagerness of the allegations of a petition is not a judgment sustaining the demurrer and dismissing the petition, but a judgment requiring the pleader to amend and make his petition more certain in the particulars wherein he has been delinquent; and then, if he refuses or fails to amend, the action may be dismissed, if the delinquency relates to the entire case made out in the petition. . . However, if the special demurrer goes only to some particular part of the pleading, without which a valid cause of action . . would still be set forth, the result of finally sustaining the special demurrer would be, not to dismiss the pleading, but to

strike the defective portion." *Broyles* v. *Haas,* 48 *Ga. App.* 321 (172 S. E. 742), and cit. "Where a court at one and the same time passes upon a demurrer containing both general and special grounds, and sustains the demurrer and dismisses the action, without giving the plaintiff opportunity to amend, the judgment will be reversed if it appears that the general demurrer was improperly sustained." *Moseley* v. *Equitable Life Assurance Society,* 49 *Ga. App.* 424 (3) (176 S. E. 87), and cit.

(*a*)   The allegations as to the absence of any sign, device, signal, or warning to automobiles at the intersection, being subject to the general demurrer, under the foregoing rulings, were subject also to the 6th ground of special demurrer to the 5th paragraph and the 8th ground of special demurrer to part of the 9th paragraph of the petition.

(*b*)   While the averments of negligence with regard to the sand were not subject to general demurrer, they were subject to the attack of the 9th and 10th special grounds of demurrer, in failing to show the quantity, the area, or a more detailed description of the sand, how and wherein the same was dangerous, how and wherein it caused the car to skid or slide, and how long a time it had been where it was.

(*c*)   The petition was subject also to the 11th special ground, demurring to allegations that prior to the accident the city had been warned by citizens as to the danger of the intersection because of the absence of any sign, marking, device, signal, or warning, to properly guide, direct, warn, or regulate automobiles and automobile traffic at night; and that, after the accident, the city placed at the intersection a warning light, signal, or reflecting surface or substance, which caused the lights of approaching automobiles to be reflected or lighted up.

(*d*)   The remaining grounds of special demurrer, seeking to require amendments as to the speed of the automobile and as to additional acts and knowledge of the driver and the deceased just prior to her death, present matters for defense by plea or answer, and are without merit.

(*e*)   The dismissal of the amended petition was erroneous for the reason stated, the plaintiff being entitled to an opportunity to make proper amendments to meet the defects stated.

*Judgment reversed.   Stephens and Sutton, JJ., concur.*