28313. CITY OF ROME v. ALEXANDER.

DECIDED OCTOBER 3, 1940.

*Lanham & Parker,* for plaintiff in error.
*Maddox & Griffin,* contra.

GARDNER, J. Alexander sued the City of Rome, and alleged that he had sustained certain damage to his automobile because the city had allowed a certain hole to be dug in a main, traveled street, and had failed to properly guard such hole with barricades or signals as to its presence, and that without negligence on his part, because such hole had become filled with water and it being in the nighttime and raining at the time, and there being nothing to warn him of its presence, he drove his automobile into said hole or excavation. The city denied that it had left any such hole in the street unguarded, and answered further, "that had the plaintiff in this case been using ordinary care he could have seen said warning that was placed there;" that the alleged wreck was caused by the negligence of the plaintiff, and not by the negligence of the defendant; that there was a "small depression" in said street, and that the defendant had placed lights there as a warning to travelers of the existence of said depression. The jury returned a verdict for the plaintiff. The defendant excepted to the overruling of its motion for new trial.

There was sufficient evidence to support the verdict. There was evidence introduced by the city, that it had placed lights at the place at four o'clock in the afternoon, and that a man named Payne had knocked down one of the lights, which became unlighted, and that the injury to the plaintiff occurred before it had had opportunity to replace the lights. It was shown that several cars had run into the same opening on the same night and had sus-

tained injuries; and there was evidence that considerable time had elapsed after it was shown that employees of the city had notice of the fact that there were no signals or lanterns to warn the public of the danger.

The court charged the jury that if the city had placed sufficient warnings in the way of proper lights to give notice of the danger, and that if such warnings were removed without fault on the city's part, and if some member of the public was injured before the city, in the exercise of ordinary care, had had time to replace such removed warnings, there could be no liability against the city; and that the city would not be liable unless it had actual knowledge of the removal of the lights or warnings and had failed to again protect such hole by warnings within a reasonable time. A request for charge containing this principle, which had been submitted to the court, contained also this language: "Or if you should find that any such light or lights were extinguished by unusual weather conditions, then in that event I charge you that the city would not be liable to a person injured by such hole or obstruction," unless the city had notice of the extinguishment of such lights and after such knowledge failed to exercise ordinary care to replace them. We do not think that any unusual weather conditions were shown by the evidence. The fact that it had rained does not necessarily constitute an unusual weather condition. If lights should be extinguished by ordinary rains, such fact alone might constitute lack of ordinary care in placing the warnings. The failure so to charge, if error, was rendered harmless by the evidence of the defendant itself that it had notice of the fact that the warnings placed there by it were out of commission before the plaintiff drove his car into the hole; and the jury under the instructions given were authorized to find that the city had failed to exercise due care after knowledge of the removal of the lights. The charge was not subject to the criticisms offered, and the court did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*