30214. CITY OF ATLANTA *v.* PITTMAN *et al.*

DECIDED JANUARY 12, 1944.

*J. C. Savage, E. L. Sterne, J. C. Murphy, Bond Almand,* for plaintiff in error. *Moise & Post, Tye, Thomson, Tye & Edmondson, E. Bates Block,* contra.

GARDNER, J. This is a companion case to *Davis* v. *Pittman, ante.* The statement of facts in that case as they relate to the alleged cause of action against the City of Atlanta are referred to in this case without repeating them fully here. The petition alleged that the City of Atlanta "took over the said private sewer . . at least by 1927 . . exercised toward the said sewer the rights of ownership, including repair of said sewer, and the issuance of permits to tap the said sewer . . ' that the City of Atlanta would and did assume ownership of said sewer and the upkeep thereof approximately in the year 1927. Thus the City of Atlanta took upon itself the duty and obligation of inspecting, repairing, and maintaining the said sewer." The specifications of negligence against the city are: "Of defendant City of Atlanta, in failing to inspect the said sewer or to keep it free from obstructions or otherwise exercising any care to see to it that the said sewer would continue open so that drainage could be had without danger to the property of petitioner and others similarly situated, . . and in permitting the sewer to reach a condition where it could not carry the load of sewage that was placed upon it by the said City of Atlanta."

Exceptions pendente lite were filed by the city to the overruling of the demurrers, but the assignment of error thereon was not argued. Counsel for the city in their brief state: "It seems to us, therefore, that the controlling question in this case is whether the failure to inspect this sewer constituted negligence on the part of the city, and if so, whether this was the proximate cause of the injury." This quotation from counsel's brief is cited here only for the purpose of illustrating that counsel and we are agreed that the only question for determination is one of fact, that is, whether the evidence sustains the verdict under the law as related to the general grounds of the motion for new trial. In our opinion the statement of counsel is too restricted. We think the question for determination is substantially whether the city knew of the defect in the sewer, or by the exercise of due diligence could have discovered it (provided, of course, the sewer was defective). That was a ques-

tion of fact for the jury to determine. If there was any evidence to sustain the verdict, this court is without authority to disturb it. This question is so well established we deem it useless to cite authority. Let us inquire as to the evidence.

There was ample evidence to the effect that about the year 1927 the city repaired a portion of the sewer line about 150 feet distant from the plaintiff's house, and acquired the line as a part of its sewerage system. Therefore the city knew the capacity, the age, and the burden placed upon the sewer. The collapse of the sewer occurred in March, 1942. The evidence showed that from the time the city acquired the line and until the collapse, the city from time to time added additional burdens to the line. It may be inferred that those additional burdens, considered in connection with the capacity and age of the sewer (the same having been laid about 1900), caused the collapse. We quote from the record certain excerpts from the testimony of the assistant chief of construction and engineer of sewers for the city: "Along about 1900 the specifications on sewer pipe were not as rigid as they are now, not as rigidly enforced, nor was the pipe required to be as strong as it is now. It has recently been changed because there had been so much trouble with pipe breaking, that the strength has been very greatly improved. Our sewer pipe now on eighteen inch and over is required to be reinforced, and carry better, and will carry two thousand pounds of pressure per foot. In other words, if a pipe is four feet wide it will carry four thousand pounds pressure. If it is twelve inches wide it carries two thousand pounds pressure. I said four thousand pounds, I meant eight thousand pounds pressure. It carried two thousand pounds pressure per foot of width per foot of length. One square foot of that will carry two thousand pounds of pressure. When that pipe was put in probably, that is, along about 1900, or even possibly before, pipe that carried a thousand pounds was considered very strong pipe. Now, we have had so much experience with them we know those pipes will not carry the weight, and this year we have had more trouble than ever before because the ground has been so wet and it burst these pipes in. . . As to whether I knew that this sewer ran under the house of Mrs. Pittman: I didn't know anything about Mrs. Pittman's house. I knew that this sewer (or) a continuation of it somewhere would run under the house from the trouble we repaired on the other house."

510

In addition, there was evidence to the effect that the catch-basin immediately in front of the plaintiff's house was repaired by the city. The date of this disorder is not shown by the record, but it was sometime prior to the damage for which suit was brought. We know of no law that would require the city to make periodic inspections of its sewer system, and we do not here endeavor to lay down any definite rule to the effect that it would be negligence on the part of a municipality to fail to make periodic inspections of its sewer system which is operating in a satisfactory manner. The evidence in this case revealed that the city had a simple and inexpensive device for the purpose of reflecting lights through the sewer lines from the manholes to determine whether they were in proper working condition. In view of the facts revealed by the evidence in this case regarding the sewer line in question, we are constrained to hold that the verdict against the city is not without evidence to support it. This being true, we are without authority to set it aside.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*