### 37706. CITY OF SUMMERVILLE *v.* ALDRED.

DECIDED MARCH 17, 1960.

*Robert Edward Surles,* for plaintiff in error.
*F. H. Boney,* contra.

CARLISLE, Judge. This case was previously before this court, and upon consideration of the bill of exceptions herein this court held that the written notice given to the municipality with respect to the negligent act on the part of the municipality was insufficient and that for that reason the petition was subject to general demurrer. See *City of Summerville* v. *Aldred,* 100 *Ga. App.* 66 (110 S. E. 2d 73). The Supreme Court granted certiorari to review that judgment and reversed the Court of Appeals, holding in effect that the notice was legally sufficient and that the petition was not subject to general demurrer on account of any insufficiency in such notice. See *Aldred* v. *City of Summerville,* 215 *Ga.* 651 (113 S. E. 2d 108). This court now has for consideration the question of whether the petition otherwise stated a cause of action, which is presented by the assignment of error on the overruling of the general demurrer to the petition as amended, and the question of whether the petition was subject to any of the special demurrers filed thereto. Such additional facts as are necessary to a clear understanding of the rulings made will be stated in the opinion.

■ With regard to the general demurrer, it is contended that the petition alleges no facts showing a causal connection between the defect complained of and the injury sustained by the plaintiff. In substance, the petition alleges that the defendant maintained a manhole in the center of the street with a lid, or cover, thereon which was insecure and ill fitting, and which previously on occasions enumerated in the petition had been kicked out of place or turned up in such a manner as to be noticed by

others who had in turn called the attention of the city, or an official thereof, to the condition of the manhole and the manhole cover; that various named individuals, employees and officials of the defendant municipality had on several occasions come out and inspected the manhole and the manhole cover and had replaced the lid, or cover, in its proper position. It was alleged that the automobile in which the plaintiff was riding as a passenger was driven over this manhole and that the lid, or cover, turned up out of its proper position and struck the underside of the automobile wrecking it and inflicting the injuries for which the plaintiff sued. It thus sufficiently appears from the petition that the city had notice that this manhole cover, or lid, had on several occasions been out of place and had turned up and that the city had failed to correct the condition, whatever it was, which caused the lid to turn up and had failed to place any barrier around the manhole cover to warn the public traveling the street that it might turn up again. As against the general demurrer, these facts constituted a sufficient allegation of the failure of the city to keep its streets in a reasonably safe condition for travel by ordinary modes. "The general rule is that a municipal corporation is bound to keep its streets in a reasonably safe condition for travel by the ordinary modes, and will be liable for damages for injuries sustained in consequence of its derelictions in this regard, *no matter by what cause* the street may have become defective and unsafe where the city knew, or should have known, of the defect in time to repair it or to give warning of its existence." *City of Atlanta* v. *Robertson*, 36 *Ga. App.* 66, 68, (135 S. E. 445). The facts alleged in the petition are sufficient to show that the defect was created or maintained by the defendant municipality; that the defendant municipality had notice thereof, and that the plaintiff was injured as the result of the defect. Such allegations are sufficient to state a cause of action against the municipality. *Mason* v. *Crowe*, 88 *Ga. App.* 191, 195 (76 S. E. 2d 432).

■ Where the allegations of fact contained in the petition show that the defendant is a municipal corporation, such allegations are sufficient to support the conclusion alleged also in the petition that the defendant had a ministerial duty to exercise

ordinary care to keep its public streets and highways in a reasonably safe condition for travel against the special demurrer that such allegations constitute a conclusion without sufficient facts being alleged to support the same.

After alleging that the manhole cover was loose and did not have a proper fit, and that the defendant had had notice on specified occasions that the manhole cover had been out of place and turned up, the plaintiff alleged that the defendant was negligent in failing to properly maintain said manhole in a reasonably safe and proper condition for travel, and that it was negligent in failing to exercise ordinary care to maintain the street in a reasonably safe condition after having actual notice of the dangerous condition of the street and the manhole. These allegations were demurred to on the ground that they were vague, uncertain and indefinite and that they consisted of general allegations of negligence without any specification of alleged acts of the defendant as would constitute negligence on the part of the defendant. Neither of these grounds of demurrer was meritorious.

The eighth ground of special demurrer attacks the allegations of the petition to the effect that immediately after the injury complained of the mayor of the defendant municipality and the city clerk and the city engineer, together with police officers named, were present at the scene of the wreck, on the ground that such allegations were immaterial, irrelevant and impertinent, and illustrated no issue in the case. These allegations were not subject to special demurrer for any of the reasons urged.

In paragraph 5 of the petition as amended it was alleged that the manhole had a metal neck, which extended above the surface of the street approximately two to three inches and which extension above the surface increased the danger of the manhole to passing traffic when said manhole had an improper fitting lid. These allegations were demurred to on the ground that they were a conclusion of the pleader unsupported by any facts to show how or in what way such extension may have increased the danger to passing traffic.

Paragraph 15 of the petition alleged that it was dangerous and negligent to permit a manhole with an improper fitting lid to remain in the center of a public street. This allegation was de-

murred to by the defendant on the ground that it was vague, uncertain and indefinite in that it failed to allege how or in what way an improper fitting lid was dangerous and that the same constituted a conclusion of the pleader unsupported by any specific, definite factual allegations. The defendant was entitled to have the information sought by these special demurrers and to know in what way or upon what theory of causation the plaintiff contended that the elevation of the manhole increased the danger and in what way it was negligent for the defendant to maintain or permit a manhole with an improper fitting lid to remain in the center of the street. The allegations of paragraph 15, however, were not subject to the special demurrer that they were irrelevant, immaterial or prejudicial to the defendant.

It follows that the trial court did not err in overruling the general demurrer to the petition, or in overruling any of the special demurrers except paragraphs 3 and 4 of the renewed demurrers referred to above.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Townsend, J., concur.*