48663. HANCOCK v. CITY OF DALTON et al.
48676. SOUTHERN RAILWAY COMPANY v. HANCOCK et al.

QUILLIAN, Judge.

Mrs. Evelyn Hancock filed a complaint in Whitfield Superior Court against the City of Dalton and Southern Railway Company. The complaint sought recovery for the wrongful death of the plaintiff's husband Johnny Hancock. The complaint was predicated on the negligence of Southern Railway in operating its train and

in failing to erect and maintain automatic signals at the Industrial Boulevard Crossing where the collision occurred, and was further based on the maintenance of a nuisance by the City. The complaint was subsequently amended to thoroughly elucidate on the plaintiff's theories of negligence and maintenance of nuisance.

Basically it was set forth that the city failed to enforce its ordinance with regard to signals at railroad crossings and failed to fulfill its obligation, arising out of a contract with Southern Railway and other railroads, to reimburse Southern and the other railroads for the construction of certain signals. The ordinance provided: "All railroads operating within the city limits shall establish and maintain safety signals, safety lights or watchmen at all crossings within the city limits at all times." City of Dalton Code of Ordinances § 16-132. It was also alleged[1] that the city failed in its duty to abate nuisances under its ordinances.

The agreement was to the effect that the railroads would install certain signals at the crossing and the city would reimburse each of these for 1/3 of their actual expense. It further provided that the railroads would maintain and operate such signals.

Southern Railway Company filed a cross claim, which was subsequently amended, against the city. Southern Railway alleged that the city had agreed with the Western & Atlantic Railroad in exchange for an easement that the city would be responsible for the entire cost of any grade separation or flasher device or other crossing protection. It also alleged that the city was negligent in failing to install the automatic signals or pay for them and that Southern Railway was a third-party beneficiary of the agreement between the city and the Western and Atlantic Railroad Company as evidenced by deed set forth in the record.

After answering the city filed a motion to dismiss the complaint, a motion to dismiss the cross claim, and a motion for judgment on the pleadings. The trial judge granted the city's motion and entered a certificate of review. Case 48663 is the appeal of Evelyn Hancock from the dismissal of her petition against the city; while Case 48676 is the appeal of Southern Railway Company from

the dismissal of its cross claim against the City. *Held:*

On appeal both appellants made virtually the same contentions. The plaintiff cites several cases with regard to a muncipality's duty after notice of a defect on a public street. See for example, *Scearce v. Mayor &c. of Gainesville,* 33 Ga. App. 411 (126 SE 883); *City of Barnesville v. Sappington,* 58 Ga. App. 27 (197 SE 342); *City of Rome v. Hanson,* 58 Ga. App. 617 (199 SE 329); *City of Dalton v. Joyce,* 70 Ga. App. 557 (29 SE2d 112); where it was held that a municipal corporation is liable for defects on a public street, which renders the street unsafe for travel, where the municipal corporation had notice of such defect or obstruction and failed to exercise ordinary care in remedying or removing it.

All these cases deal with the principle of a city's negligence in such connection. In *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, 836 (165 SE2d 141), the Supreme Court, quoting with approval *Arthur v. City of Albany,* 98 Ga. App. 746, 747 (106 SE2d 347), pointed out: "The municipality's maintenance of traffic control devices is 'not related to the maintenance of the streets as such, and liability of a municipality for negligent failure to maintain a stop sign after it is once erected cannot be predicated on the theory that it is part of street maintenance.' " The court then held: "The improper operation of the traffic light in the instant case is not such a physical obstruction or defect in the street as would change this traffic regulating function from a governmental function to a ministerial function so as to permit an injured party to recover for the municipality's negligent operation of said traffic light."

The sole question before us for consideration is whether the acts of the city as alleged constituted a nuisance. If it were not a nuisance, then there was no basis on which the plaintiff or the defendant railroad in its cross complaint could recover.

In *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, supra, the municipality by failing to repair a traffic light which was known to be defective was found to be maintaining a nuisance. Here we have a classic case of non-action by the city, there was no traffic light in place and the question is whether an alleged hazardous

condition brought about by the absence of a traffic light constituted the maintenance of a nuisance. *Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, supra, did not go this far and we find no authority to extend a nuisance principle to a situation of this sort.

The defendant city had no obligation to maintain traffic signals at the crossing. There was nothing concerning this in the contract, the latest version of which only provided that the city would pay a certain portion when signals were placed at the crossing. The city ordinance in question imposed no duty on the city to maintain traffic signals and the only duty on the city was to enforce the ordinance. While there might be a basis of finding the city was negligent through its non-action in enforcement of the crossing provision, this does not show the city was maintaining a nuisance.

"Where municipal corporations are not required by statute to perform an act, they may not be held liable for exercising their discretion in failing to perform the same." Code § 69-302. As to nuisance in or near a public street a "municipal corporation is not held liable for a failure to perform the judicial duty of abating a nuisance, but for the failure to keep its streets and sidewalks free from obstructions which are dangerous to the traveller." *Mayor of Dalton v. Wilson,* 118 Ga. 100, 103 (44 SE 830). The duty with regard to crossings is set forth in Code Ch. 94-5 and placed upon railroad companies. The city has no duty with regard to automatic signals except, in its judgment, to require their installation under Code Ann. § 95-1907.1 (Ga. L. 1967, p. 458), which section contains the proviso: "Nothing in this section shall be construed to impose any public liability on the municipality in any manner regarding such devices." In *Seaboard C. L. R. Co. v. Sheffield,* 127 Ga. App. 580, 582 (194 SE2d 484), this court observed that while flashing lights and other signals may be desirable, the legislature requires only a distinctive sign. The failure of the city to take further action with regard to the crossing either by enforcing its ordinance or the terms of the contract would not involve the maintenance of a nuisance.

Since this is a case in which the plaintiff in her complaint and the defendant Southern Railway in its

cross claim, detailed the basis of its recovery and such basis being insufficient as a matter of law (*Poole v. City of Atlanta,* 117 Ga. App. 432, 434 (160 SE2d 874)), the trial judge properly dismissed the city as a defendant.

*Judgments affirmed. Bell, C. J., and Deen, J., concur.*

Argued October 1, 1973 — Decided February 6, 1974 — Rehearing denied March 7, 1974 — ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*McDonald, McDonald & McDonald, Ernest McDonald,* for Hancock.

*McCamy, Minor, Phillips & Tuggle, Carlton McCamy,* for City of Dalton.

*Pittman, Kinney, Kemp, Pickell & Avrett, L. Hugh Kemp,* for Southern R. Co.