50744. ENGLANDER v. CITY OF EAST POINT.

BELL, Chief Judge.

Plaintiff in his complaint alleged that the defendant city "negligently maintained a public street . . . in that said street was a dead end street, with no signs and no barricade" and that as a result of the "improper maintainence" plaintiff drove his motorcycle off the end of the street damaging his vehicle. The trial court dismissed the complaint for failure to state a claim upon which relief may be granted. *Held:*

It is obvious that plaintiff bases his complaint against the city because of its failure to place signs or barricades on a dead end street which would warn an individual of the character of the street. Deciding whether to erect or not to erect a traffic control sign or to maintain it after installation is an exercise of a governmental function by a municipality and it is not liable for any negligent performance of this function. *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141); *Arthur v. City of Albany,* 98 Ga. App. 746 (106 SE2d 347); *Lundy v. City Council of Augusta,* 51 Ga. App. 655 (181

SE 237). Nor would the lack of a sign or barricade fall within the category of a defect or obstruction of the street so as to constitute the function ministerial within Code § 69-303 as the defect or obstructions contemplated by the statute are physical obstructions or defects. *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834, supra. The allegations of the complaint disclose with certainty that under any state of the facts which could be proved, the plaintiff would not be entitled to relief. The dismissal of the complaint was correct.

*Judgment affirmed. Webb and Marshall, JJ., concur.*

SUBMITTED JUNE 2, 1975 — DECIDED JULY 16, 1975.

*Scott Walters, Jr.,* for appellant.

*Smith, Robertson & Sparrow, George N. Sparrow, Jr., George T. Smith,* for appellee.