## 35047. TAMAS v. COLUMBUS, GEORGIA.

MARSHALL, Justice.

This is a wrongful-death action being prosecuted by the mother of a child who drowned in a creek in Columbus,

Georgia. The City of Columbus is named as defendant. In the complaint, there are requests for injunctive relief. The allegations of the complaint are essentially as follows:

On June 6, 1978, Natasha T. Tamas, the seven-year-old daughter of the plaintiff, was traveling across a bridge, which runs over the creek on Amber Drive in Columbus. Amber Drive extends beyond the edges of the bridge in a downward sloping fashion so that the asphalt from the road forms a slanting path for drainage from the road into the creek. There exists a cliff, established by the base of a tree, at the bottom of the asphalt from said roadway on the northwest portion of the bridge. The creek does not have any fencing barriers, obstructions, or curbing to prevent parties from falling from the road or the areas immediately adjacent thereto; nor are there any signs or warning devices to warn travelers of the dangerous propensities of the creek. As the plaintiff's daughter was traveling across the bridge, she ventured down the steep slope to the creek below. She thereafter slipped on the banks of the creek and fell into the creek. As a result, she incurred fatal injuries by drowning.

The plaintiff alleges in the complaint that the sole and proximate cause of her daughter's drowning was the defendant city's negligence in failing to maintain the road in a safe condition, thereby creating a continuing nuisance.

Upon consideration of the pleadings and other matters outside of the pleadings, the trial court entered judgment in the city's favor.[1] The plaintiff appeals. *Held:*

"Where municipal corporations are not required by statute to perform an act, they may not be held liable for exercising their discretion in failing to perform the same."

---

[1]In the trial court's order, the court states that the plaintiff introduced several photographs showing the bridge and creek on Amber Drive. The court notes that these photographs indicate that guard rails are placed on the bridge itself. It is the drainway area from the road down to the creek which contains no guard rails or warning signs.

Code § 69-302.

It was on this premise that liability was predicated in *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141) (1968), where the city *maintained* a defective traffic light, thereby creating a nuisance. See also *Coppedge v. Columbus,* 134 Ga. App. 5 (213 SE2d 144) (1975); *Hutcheson v. City of Jesup,* 132 Ga. App. 84 (207 SE2d 547) (1974).

However, in *Englander v. City of East Point,* 135 Ga. App. 487 (218 SE2d 161) (1975), the court held, "Deciding whether to erect or not to erect a traffic control sign . . . is an exercise of a governmental function by a municipality and it is not liable for any negligent performance of this function. *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141); *Arthur v. City of Albany,* 98 Ga. App. 746 (106 SE2d 347); *Lundy v. City Council of Augusta,* 51 Ga. App. 655 (181 SE 237)." In *Englander,* the Court of Appeals affirmed the trial court's dismissal of a complaint against a municipality because of its *failure* to place signs or barricades on a dead-end street to warn individuals of the character of the street. Likewise, in *Hancock v. City of Dalton,* 131 Ga. App. 178 (205 SE2d 470) (1974), it was alleged that the *failure* of the city to maintain traffic signals at a railroad crossing constituted a nuisance. Finding no duty imposed on the city to erect a traffic signal at the railroad crossing, the court found no liability. "In all of these cases a clear line is drawn between a discretionary nonfeasance and the negligent maintenance of something erected by the city, in its discretion, in such manner as to create a dangerous nuisance, and which amounts to misfeasance." *Bowen v. Little,* 139 Ga. App. 176, 177 (228 SE2d 159) (1976).

We find the present case to be an example of discretionary nonfeasance on the part of the defendant city. As a matter of law, the defendant city is not liable to the plaintiff. The trial court did not err in ruling in the defendant's favor.

*Judgment affirmed. All the Justices concur, except Hill and Bowles, JJ., who concur in the judgment only.*

ARGUED JULY 9, 1979 — DECIDED SEPTEMBER 10, 1979.

*Garcia & Hirsch, David L. Hirsch, Joey M. Loudermilk,* for appellant.

*E. Hardwick Polleys, Jr.,* for appellee.