### 60060. COLUMBUS, GEORGIA v. PRESTON et al.

MCMURRAY, Presiding Judge.

On the evening of February 12, 1976, William T. Preston was driving his automobile on Steam Mill Road, located in Columbus, Muscogee County, Georgia. His automobile overturned and he received certain personal injuries as a result thereof. Preston contends that he struck an obstruction at or near the intersection of Steam Mill Road and Pinecrest Drive where the pavement along Steam Mill Road ended, leaving considerable rough terrain (deep gulleys, holes and rocks), which condition had existed a sufficient time for the City to be aware of its dangerous condition. Columbus, however, insists that Preston overturned his vehicle when he either hit a soft shoulder of the road or a part of the curb.

Preston and his wife promptly filed the ante litem notice

required by Code Ann. § 69-308 (Ga. L. 1953, Nov. Sess., p. 338; 1956, pp. 183, 184) as to the personal injuries he received by virtue of the defects in the street owned and maintained by the municipal corporation and the fact that his wife also claimed damages for loss of consortium sustained by her by virtue of the injuries to her husband, stating therein the time, place and extent of their injuries "as nearly as practicable, and the negligence which caused the same."

Suit was filed by William T. Preston and Mary A. Preston against Columbus, Georgia, seeking damages for personal injuries and loss of consortium, respectively, resulting from the dangerous and unsafe condition of the street, alleging the defendant had notice and knowledge of same and had failed to exercise proper care and maintenance, or that it should have had notice and knowledge of said defects for several months prior to the grievance herein. The defendant denied the claim, and a trial was held in which the jury found in favor of the plaintiffs, awarding William T. Preston the sum of $5,000 and Mary A. Preston the sum of $2,500. The judgment followed the verdict, and defendant appeals. *Held:*

1. Defendant contends first that the trial court erred in concluding that the letter notice constituted proper ante litem notice as required by Code Ann. § 69-308, supra. However, the statute does not contemplate that the notice shall be drawn with all technical niceties but must simply give the municipality notice of the grievance against it. It is necessary only that the municipality shall be put on notice as to the general character of the complaint, that is, in a general way as to the time, place, and extent of the injury, "as near as practicable." See *Langley v. City Council of Augusta,* 118 Ga. 590, 592 (11, 12), 600 (45 SE 486); *City of Atlanta v. Fuller,* 118 Ga. App. 563, 564 (164 SE2d 364); *City of Atlanta v. Frank,* 120 Ga. App. 273 (1) (170 SE2d 265). Defendant's contention that the notice was insufficient in describing in great detail the type of negligence as "without adequate warning signs and protective barriers" and the cause of action was thereafter changed to failure to remove obstructions is not meritorious.

2. The remaining enumerations of error contend that the trial court erred in denying defendant's motion for directed verdict and in thereafter entering a judgment on the verdict of the jury. However, the evidence was sufficient to show that defects existed in the roadbed of Steam Mill Road for a sufficient length of time that the defendant should have had notice thereof and that the area of Steam Mill Road where the incident occurred was a street in Columbus, Georgia, and all questions of fact in regard thereto were for the sole determination of the jury. See *City of Atlanta v. Pittman,* 70 Ga. App. 507 (28 SE2d 667).

The City contended Steam Mill Road was closed at the Fort Benning Reservation. The City's Chief of the Traffic Engineering Division testified that he didn't know when but he assumed "the Fort Benning military personnel closed it." His testimony and City records (a 1975 work order) allowed in evidence disclosed certain signs were posted to show a reduced speed on Steam Mill Road, the road ended in 1000 feet, and left turn arrows had been placed at the intersection pointing toward Pinecrest Drive. He also testified the pavement on Steam Mill Road did not end at Pinecrest Drive but that "the asphalt paving ends at that point," that the City no longer maintained the road beyond the intersection of Steam Mill Road and Pinecrest Drive, and a mound of dirt had been placed in the road at the Fort Benning reservation. However, the incident in question occurred in 1976, and plaintiff's testimony and exhibits show signs knocked down and the road in a very rough condition at this location. The City also failed to show that Steam Mill Road had been officially closed from its intersection at Pinecrest Drive to the Fort Benning reservation. On the contrary, the map of Columbus allowed in evidence and testimony discloses Steam Mill Road extended to the Fort Benning reservation beyond the point where the incident in question occurred. Consequently, even though the defendant would not be liable for the failure to erect signs and a barricade at the intersection (the exercise of a governmental function as charged by the court), nevertheless, it would be liable for "defects in its streets ... [existing] ... for a sufficient period of time so that in the exercise of ordinary care the municipal corporation should have reasonably become aware of its existence."

This was not a case of the failure to exercise a governmental function as found in *Englander v. City of East Point,* 135 Ga. App. 487 (218 SE2d 161) and *Hancock v. City of Dalton,* 131 Ga. App. 178, 180 (205 SE2d 470).

This action is not one for the maintenance of a nuisance but for defects in the street of which the City had knowledge or should have known of said defects. See Code § 69-301; *Belcher v. City of Atlanta,* 71 Ga. App. 595 (3) (31 SE2d 612); *City of Summerville v. Aldred,* 101 Ga. App. 286, 287-290 (1, 3) (113 SE2d 463), s.c. 100 Ga. App. 66 (110 SE2d 73), s.c. 215 Ga. 651 (113 SE2d 108); *City of Rome v. Alexander,* 63 Ga. App. 301 (1) (11 SE2d 52); *Seymour v. City of Elberton,* 67 Ga. App. 426, 429 (20 SE2d 767).

Accordingly, the trial court did not err in refusing to direct the verdict for the defendant, as the jury was authorized upon consideration of the evidence to find the defendant liable for the defective condition of the street proximately causing plaintiff's injuries.

*Judgment affirmed. Smith and Banke, JJ., concur.*

Argued June 5, 1980 — Decided July 16, 1980.

*Lennie F. Davis, E. H. Polleys, Jr.,* for appellant.
*Michael Agnew,* for appellees.