## 61506. CHRISTENSEN v. FLOYD COUNTY.

QUILLIAN, Chief Judge.

The plaintiff appeals from the grant of defendant County's motion for summary judgment. The plaintiff sought to recover based on the defendant's failure to erect a stop sign at a point where one road dead-ended into another. The plaintiff alleged that she suffered injuries when she drove her vehicle through the intersection and into a ditch; that the injuries were caused by the defendant's maintaining a dangerous and defective condition and failing to warn of such condition. *Held:*

For two reasons the trial judge correctly granted the defendant's motion for summary judgment.

1. From the facts adduced, the plaintiff failed to submit a written claim within 12 months after it accrued as required by Code § 23-1602. *Doyal v. Dept. of Transp.,* 142 Ga. App. 79, 80 (234 SE2d 858).

2. In *Englander v. City of East Point,* 135 Ga. App. 487 (218 SE2d 161), this Court held: "It is obvious that plaintiff bases his complaint against the city because of its failure to place signs or barricades on a dead end street which would warn an individual of the character of the street. Deciding whether to erect or not to erect a traffic control sign or to maintain it after installation is an exercise of a governmental function by a municipality and it is not liable for any negligent performance of this function. *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141); *Arthur v. City of Albany,* 98 Ga. App. 746 (106 SE2d 347); *Lundy v. City Council of Augusta,* 51 Ga. App. 655 (181 SE 237). Nor would the lack of a sign or barricade fall within the category of a defect or obstruction of the street so as to constitute the function ministerial within Code § 69-303 as the defect or obstructions contemplated by the statute are physical obstructions or defects." Accord, *Tamas v. Columbus, Georgia,* 244

Ga. 200, 202 (259 SE2d 457), where the Supreme Court pointed out: "'In all of these cases a clear line is drawn between a discretionary nonfeasance and the negligent maintenance of something erected by the city, in its discretion, in such manner as to create a dangerous nuisance, and which amounts to misfeasance.' "

Hence, the failure to erect a traffic signal was not negligence and did not constitute a nuisance. See *Hancock v. City of Dalton,* 131 Ga. App. 178 (205 SE2d 470).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 9, 1981.

*Robert J. Evans,* for appellant.
*Frank H. Jones,* for appellee.