63596. McLAUGHLIN et al. v. CITY OF ROSWELL.

DEEN, Presiding Judge.

On April 10, 1979, eight-year-old Kathleen McLaughlin was attempting to cross the street to attend Mimosa Elementary School in Roswell when she was struck by an automobile and injured. Suit was brought on her behalf against the city contending that it failed to provide a safe place for children attending school to cross Warsaw Road and that it also failed to provide a crossing guard so that children could safely get to the school. An appeal is brought contending that the trial court erred in granting the city's motion for a judgment on the pleadings. *Held:*

"A county is not required by any statute of this state to provide school crossing guards. Rather, its duty as a local law enforcement agency under Ga. L. 1975, p. 820 (Code Ann. § 32-853) is to 'identify school safety crossings and motor vehicle traffic patterns on and around school grounds . . .' and to '. . . advise the school board and the school superintendent relative to compliance by the school system with State laws, policies and regulations of the State agencies requiring safety standards and practices.' " *Russell v. Fletcher,* 244 Ga. 854 (262 SE2d 138) (1979). Moreover, Code Ann. § 32-851

provides that nothing in Chapter 32-8 shall be construed as a waiver of sovereign immunity.

Appellant's argument that the city created a nuisance by failing to identify school safety crossings across a public roadway in front of a school is also without merit. "Where municipal corporations are not required by statute to perform an act, they may not be held liable for exercising their discretion in failing to perform the same." Code Ann. § 69-302. "In the absence of a law or ordinance requiring the defendant . . . to erect a traffic light at an intersection named in this complaint, as a result of which the plaintiff was allegedly injured, the erection and maintenance of such a signal is discretionary, and it cannot be held liable for mere failure to perform such act." *Bowen v. Little,* 139 Ga. App. 176 (228 SE2d 159) (1976).

As the situation in the present case is analagous to that in *Bowen,* we find that the trial court did not err in granting a judgment on the pleadings to the City of Roswell.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED MARCH 5, 1982 —
REHEARING DENIED MARCH 22, 1982 —

*James E. Thompson, Alan R. Peters,* for appellants.
*Dennis J. Webb, Brian A. Boyle,* for appellee.