A98A0426. McKINLEY v. CITY OF CARTERSVILLE.
(503 SE2d 559)

BIRDSONG, Presiding Judge.

Annie McKinley sued the City of Cartersville for disabling injuries she received in a car accident which she contends occurred because unknown persons had turned the stop sign on Carter Street, on which she was driving westbound, at the intersection of Carter and Gilmer Streets, so that she could not see that stop sign, and her vehicle was hit by a car which was traveling southbound on the intersecting street, Gilmer Street, on which no stop sign had ever been erected.

McKinley shows that in October 1992, twenty-one months before her accident, the city commissioned a traffic accident study of this intersection, which gave it actual knowledge that a stop sign on Gilmer street was the cause of nine "right-angle" accidents in two years. The city's report concluded and recommended: "This intersection ranks . . . #1 for accidents on City streets, which are not State routes. . . . It is recommended that a 4-way stop be established at this intersection [and that] stop lines be placed on all 4 approaches." Notwithstanding this specially commissioned report and its conclusions and recommendations, the city did not erect four-way stop signs at the intersections for more than two years later — after appellant McKinley's accident occurred.

McKinley filed claims for both negligence and maintenance of a nuisance. The trial court granted summary judgment to the City on the negligence claims (impliedly as to both the turned sign on Carter Street and the absence of a stop sign on Gilmer Street); the maintenance (erection) of a traffic device is a governmental rather than a ministerial function and the City had no knowledge that the stop sign on the street on which appellant was traveling (Carter Street) had been turned by unknown persons. The trial court further granted summary judgment to the City on appellant's nuisance claim as to the City's failure to erect a stop sign on Gilmer Street so as to

make the intersection a four-way stop; the court reasoned that while normally the appellant's evidence would be sufficient to create an issue of fact as to the extremely dangerous condition of the intersection which was known to the City, nevertheless "common sense dictates that this Court examine the [evidence] in light of all the evidence. It is readily apparent from . . . the record that this particular collision did not occur as a result of the absence of four-way stop signs. Had the turned stop sign been in its correct position, and had the plaintiff obeyed said stop sign, this accident would have never happened." Appellant appeals. *Held*:

1. Appellant concedes the City had no notice of the turned stop sign on Carter Street; she thus expressly declines to appeal the portion of the trial court's order dealing with the turned stop sign on Carter Street. However, despite the trial court's finding that this accident would never have occurred if unknown persons had not turned the stop sign on that street, she contends that issues of fact remain.

However, appellant cannot maintain a cause of action for negligence against the City for failure to erect a stop sign on Gilmer Street. OCGA § 32-4-93 (a) provides: "A municipality is relieved of any and all liability resulting from or occasioned by *defects* in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such *defect* has not existed for a sufficient length of time for notice thereof to be inferred." (Emphasis supplied.)

Appellant contends that the failure to erect a stop sign on Gilmer Street is a "defect" which would exempt the city from claiming immunity under OCGA § 32-4-93. We disagree. The reference to "defects" in the Code section refers to the physical condition of the street itself; it includes defects brought about by the forces of nature and by persons and which render the street unsafe and includes objects adjacent to and suspended over the street. *City of Bainbridge v. Cox*, 83 Ga. App. 453 (64 SE2d 192); *City of Barnesville v. Sappington*, 58 Ga. App. 27 (197 SE 342); and see *Town of Fort Oglethorpe v. Phillips*, 224 Ga. 834 (165 SE2d 141) where the court said, citing numerous cases, that obstructions or defects in the streets within the meaning of OCGA § 32-4-93 are physical obstructions or defects in the streets themselves, for the quality and condition of a street as being reasonably safe for travel thereon has reference to its physical condition and is a different matter than the regulation of traffic. Id. at 836-837. Furthermore, we have held that the erection of stop signs and barriers is a discretionary act by a municipality, which fact renders it immune to liability for failure to act in the absence of a law or ordinance requiring the city to perform that act. See OCGA § 36-33-2;

and see *Tamas v. Columbus, Ga.*, 244 Ga. 200 (259 SE2d 457); *McLaughlin v. City of Roswell*, 161 Ga. App. 759 (289 SE2d 18); *Bowen v. Little*, 139 Ga. App. 176 (228 SE2d 159); *Englander v. City of East Point*, 135 Ga. App. 487 (218 SE2d 161).

2. The trial court also correctly awarded summary judgment to the City on appellant's nuisance claim. *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 424 (3) (249 SE2d 224) and cases cited; *Bowen v. Little*, supra; *Hancock v. City of Dalton*, 131 Ga. App. 178, 181 (205 SE2d 470). See also *Tamas v. Columbus, Ga.*, supra and *City of Bowman v. Gunnells*, 243 Ga. 809 (256 SE2d 782).

*Judgment affirmed. Smith, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED MAY 26, 1998.

*Henderson & Associates, Daniel L. Henderson, Chad A. McGowan*, for appellant.

*Jenkins & Nelson, G. Carey Nelson III, Peter R. Olson*, for appellee.