**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 25, 2019**

# In the Court of Appeals of Georgia

A19A0856. CITY OF ALPHARETTA v. HAMBY et al.

MARKLE, Judge.

Toby Hamby[1] filed suit against the City of Alpharetta ("the City"), alleging he suffered injuries after falling over a retaining wall located on the City's property, and that the City was negligent in failing to design and construct a barrier on top of the retaining wall, rendering it unsafe to the general public. Following a trial, the jury returned a verdict in Hamby's favor, awarding him $459,575. The City now appeals, arguing that the trial court erred in (1) denying its motion for directed verdict on (a) Hamby's negligence claim under OCGA § 36-33-2, and (b) Hamby's negligence claim under OCGA § 32-4-93; and (2) that the trial court erred in improperly

---

[1] Hamby's wife, Kristy Payne, also asserted a claim for loss of consortium. However, her claim did not survive summary judgment.

admitting certain evidence and arguments at trial. Because there was no evidence that the City had a duty, either by statute or ordinance, to construct a barrier, and because Hamby failed to state a claim under OCGA § 32-4-93 (a), we reverse.

"On appeal from the denial of a motion for a directed verdict, . . . we construe the evidence in the light most favorable to the party opposing the motion, and the standard of review is whether there is any evidence to support the jury's verdict. However, we review questions of law de novo." (Citation and punctuation omitted.) *Brown v. Tucker*, 337 Ga. App. 704, 720 (8) (788 SE2d 810) (2016); see also OCGA § 9-11-50 (a).

So viewed, the evidence shows that, on the evening of February 6, 2014, Hamby was driving home when he experienced a sudden bout of colitis and soiled himself. He exited the highway at Mansell Road in Alpharetta looking for a place to clean up. He pulled into the parking lot of a restaurant off of Beaver Creek Road and noticed a patch of woods across the street. As he was entering the woods, Hamby fell over an 18-foot retaining wall, which had no barrier on top and otherwise appeared flush with the ground, and injured his right heel, his left leg, shoulder, and back. Hamby's injuries required surgery, and he incurred over $82,000 in medical expenses.

2

The City moved for summary judgment, which the trial court denied, and the case proceeded to trial.

At the close of Hamby's case, the City moved for a directed verdict,[2] asserting that Hamby's negligence claims are barred because the City had no duty to maintain the retaining wall under OCGA § 32-4-93, and there was no evidence of any other code or statute requiring the City, which did not build the road, to erect a barrier above the retaining wall. The trial court denied the motion, and the jury returned a verdict in Hamby's favor.[3] This appeal followed.

1. In two related arguments, the City claims that the trial court should have directed a verdict in its favor because it was not required to erect a barricade, and thus it cannot be held liable under OCGA § 36-33-2 for exercising its discretion not to do so. Further, the City argues that Hamby failed to state a claim under OCGA § 32-4-93 because the lack of a barrier is not a defect within the meaning of the statute, there

---

[2] We note that the City also moved for directed verdict on the basis of sovereign immunity. However, Hamby established that the City waived this defense through the purchase of an insurance policy that covered Hamby's claims, and the City did not object to the introduction of this evidence or argue on appeal that the trial court erred in denying its motion on this ground.

[3] The jury found Hamby 22.5% responsible for his injuries and the City 77.5% responsible.

was no legal duty requiring the City to erect one, and the location of the retaining wall is not covered by the statute. We agree and address each argument in turn.

(a) The City first argues that Hamby has failed to establish that it had a duty to erect a barrier above the retaining wall, and thus it cannot be held liable under OCGA § 36-33-2 for exercising its discretion not to do so. We agree.

> In order to have a viable negligence action, a plaintiff must satisfy the elements of the tort, namely, the existence of a duty on the part of the defendant, a breach of that duty, causation of the alleged injury, and damages resulting from the alleged breach of the duty. The threshold issue in any cause of action for negligence is whether, and to what extent, the defendant owes the plaintiff a duty of care. Whether a duty exists upon which liability can be based is a question of law. The duty can arise either from a valid legislative enactment, that is, by statute, or be imposed by a common law principle recognized in the case law.

*Glover v. Ga. Power Co.*, 347 Ga. App. 372, 375 (1) (819 SE2d 660) (2018). Furthermore, "[w]here municipal corporations are not required by statute to perform an act, they may not be held liable for exercising their discretion in failing to perform the act." OCGA § 36-33-2.

4

The premise of Hamby's negligence claim[4] is that the City had a duty to design, construct,[5] and maintain the retaining wall to permit safe passage for the general public and, by failing to erect a barrier or otherwise warn of the condition, it caused the wall to become a hazard.[6] The parties dispute whether the act of erecting a barrier is discretionary or ministerial on the part of the City. However, Georgia courts have consistently held that acts such as the erection of stop signs and barriers are discretionary acts by a municipality, and therefore a city is immune from liability for failing to act in the absence of a law or ordinance requiring it to perform that act. See *Riggins v. City of St. Marys*, 264 Ga. App. 95, 101 (2) (589 SE2d 691) (2003)

---

[4] Notably, Hamby did not allege that the lack of a barrier on top of the retaining wall constituted a nuisance.

[5] The evidence showed that the City did not build the retaining wall but hired a contractor to perform the construction. However, there was testimony that the City acquired title to the road and the retaining wall prior to the incident.

[6] We have held that "a municipal corporation is bound to keep its streets and sidewalks in a reasonably safe condition for travel in the ordinary modes, by night as well as by day, and if it fails to do so, it is liable for damages for injuries sustained in consequence of such failure." (Citation and punctuation omitted.) *Roquemore v. City of Forsyth*, 274 Ga. App. 420, 422 (617 SE2d 644) (2005). However, Hamby's reliance on *Clark v. Raymond J. Pitts, Inc.*, 151 Ga. App. 192 (259 SE2d 189) (1979) in support of this proposition is inapplicable here. In *Clark*, the plaintiff suffered injuries when an obstruction on a public sidewalk, commonly used as a thoroughfare and which the defendants agreed to maintain, caused him to fall into a ditch. *Clark*, 151 Ga. App. at 194 (1). The fact pattern in *Clark* is dissimilar to the current case.

5

(holding that, even when a city was obligated by a SPLOST referendum to construct a stop light at an intersection the city recognized as dangerous, the city was immune from liability for its discretionary decisions regarding installation of the light.); see also *Tamas v. Columbus*, 244 Ga. 200, 202 (259 SE2d 457) (1979) (finding that the city was not liable for child's drowning in creek below the road where the city's maintenance of the road was deemed a discretionary nonfeasance)*; McKinley v. City of* Cartersville, 232 Ga. App. 659, 660 (1) (503 SE2d 559) (1998) (holding that "the erection of stop signs and barriers is a discretionary act by a municipality, which fact renders it immune to liability for failure to act in the absence of a law or ordinance requiring the city to perform that act"); *McLaughlin v. City of Roswell*, 161 Ga. App. 759 (289 SE2d 18) (1982) (holding that "[w]here municipal corporations are not required by statute to perform an act, they may not be held liable for exercising their discretion in failing to perform the same."); *Bowen v. Little*, 139 Ga. App. 176 (228 SE2d 159) (1976) (physical precedent only) ("In the absence of a law or ordinance requiring the defendant City of Ocilla to erect a traffic light at an intersection . . . , the erection and maintenance of such a signal is discretionary, and it cannot be held liable for mere failure to perform such act."); *Englander v. City of East Point*, 135 Ga. App. 487 (218 SE2d 161) (1975) ("Deciding whether to erect or not to erect a traffic

6

control sign . . . is an exercise of a governmental function by a municipality and it is not liable for any negligent performance of this function.").

Here, Hamby has produced no statute or ordinance that required the City to construct such a barrier. Hamby's expert testified that industry standards generally require that a wall four feet tall or higher must have a guard of at least forty two inches high and must be able to withstand, at a minimum, two hundred pounds of pressure. She admitted, however, that nothing in the building codes at the time the retaining wall in question was built *required* a barrier. Likewise, the City's expert testified that neither of the applicable codes in effect at the time the wall was designed and constructed required a barrier. Absent an ordinance or statute requiring the City to erect a barrier above the retaining wall, it may not be held liable for exercising its discretion not to do so. OCGA § 36-33-2; see, e.g., *McKinley*, 232 Ga. App. at 660 (1). Accordingly, we conclude that the trial court erred in denying the City's motion for directed verdict on this ground.

(b) The City next argues that Hamby also failed to state a claim under OCGA § 32-4-93 because the lack of a barrier is not a defect within the meaning of the statute, and the location of the retaining wall is not an area the City intended to be

7

used by the public. We agree that Hamby failed to state a claim under OCGA § 32-4-93, and therefore the trial court should have directed a verdict on this ground as well.

OCGA § 32-4-93 (a) provides that:

A municipality is relieved of any and all liability resulting from or occasioned by defects in the public roads of its municipal street system when it has not been negligent in constructing or maintaining the same or when it has no actual notice thereof or when such defect has not existed for a sufficient length of time for notice thereof to be inferred.

i. *Defect*

We have held that "[t]he reference to defects in the Code section refers to the physical condition of the street itself; it includes defects brought about by the forces of nature and by persons and which render the street unsafe and includes objects adjacent to and suspended over the street." (Citation and punctuation omitted.) *McKinley*, 232 Ga. App. at 660 (1); see also *Roquemore*, 274 Ga. App. at 423.

Here, Hamby failed to present evidence showing that the lack of a barrier constitutes a "defect" within the meaning of OCGA § 32-4-93 (a). There was no evidence showing the retaining wall was part of the physical road on which the general public traveled. Even assuming that the retaining wall is part of the physical condition of the road, the expert testified that the structure of the retaining wall is

8

sound. As such, absent evidence to the contrary, we conclude that Hamby has not shown that the lack of a barrier or other protective measure constitutes a defect in the street itself as contemplated by OCGA § 32-4-93 (a). See *McKinley*, 232 Ga. App. at 660.

ii. *Public Use*

Hamby also failed to show that the area where the retaining wall is located was an area intended by the City to be used by the general public such that the City was required to keep it reasonably safe.

> [W]here a plaintiff alleges that the defective condition which caused injury was located on a part of the city's street and sidewalk system, there must be some evidence that the defect was located in an area accepted by the city, either expressly or by implication, for use as a street or sidewalk, before the city can be charged with liability for negligently failing to maintain the area in a reasonably safe condition.

*City of Vidalia v. Brown*, 237 Ga. App. 831, 833 (1) (516 SE2d 851) (1999) (physical precedent only); see also *Kesot v. City of Dalton*, 94 Ga. App. 194, 196-197 (2) (94 SE2d 90) (1956) ("In order to bind a municipal corporation for the care of a strip of land . . . , acceptance by the proper city authorities must be shown. The acceptance

9

may be express or implied. . . . *Mere use by the members of the public is not sufficient*.") (citation omitted; emphasis added in original).

Here, the testimony showed that the retaining wall itself is not a sidewalk, and the expert admitted that there was no path along the side of the retaining wall for public use; nor was there any evidence that the City intended for the area near the retaining wall to be used by the public. To the contrary, the City's witnesses testified that the retaining wall was on the opposite side of Beaver Creek Road on a grass shoulder with no walkway and was not intended for pedestrian use, whereas the sidewalk intended for pedestrian traffic was constructed on the opposite side of Beaver Creek Road. As such, Hamby presented no evidence of the City's intention for the retaining wall or the area near it to be used by the public.

Accordingly, Hamby failed to show that there was a defect the City was bound to maintain, or that the area where the retaining wall was located was intended by the City for public use. Thus, the trial court erred in denying the City's motion for directed verdict on this ground as well. See *Brown*, 237 Ga. App. at 833 (1); see also *Kesot*, 94 Ga. App. at 196-197 (2).

2. The City argues that the trial court erred in not directing a verdict on other grounds, such as the application of OCGA § 51-3-23 under the Recreational Property

10

Act, Hamby's alleged failure to adequately prove his future medical expenses, and other evidentiary matters. In light of our conclusion in Division 1, we do not address the City's remaining arguments.

*Judgment reversed. Doyle, P. J., and Coomer, J., concur*.